SPECIAL INDEMNITY FUND of the State
of Oklahoma, administered by the State
Insurance Fund, Petitioner,

v.

Floyd N. HULSE and the State Industrial
Court of the State of Okla-
homa, Respondents.

No. 42244.

Supreme Court of Oklahoma.

Oct. 17, 1967.

Rehearing Denied Feb. 20, 1968.

Sam Hill, Guy A. Secor, Oklahoma City, for petitioner.

E. W. Keller, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

This is an original proceeding to review an award entered by the State Industrial Court allowing claimant benefits against the Special Indemnity Fund, as a physically impaired person as defined by Workmen's Compensation Law, under 85 O.S. 1961, §§ 171–175, the Special Indemnity Fund Act.

The facts are not in dispute. On August 27, 1955, claimant received an accidental, compensable injury (left leg broken above the ankle), for which claim for compensation was made in Case No. C–52914. This claim was settled on joint petition ($1,100.-00) approved by the State Industrial Court on December 5, 1955. The claim filed made no reference to physical impairment or pre-existing disability. The order on joint petition neither made reference to, nor reservation of, any right or claim against tthe Fund. No action was taken until April 19, 1966, when claimant moved to set the case down for hearing solely as to the Special Indemnity Fund.

Respondent answered denying claimant was a physically impaired person as defined by law, or came within the class of persons covered by the Act, supra. The answer specifically alleged any claim was barred by limitations under 85 O.S.1961,

§ 43, more than five years having elapsed since final determination of the claim.

At this hearing there was evidence introduced of a previous injury to claimant's left hand, adjudicated and settled by joint petition in Case No. 29718 on December 22, 1952. There also was evidence of adjudication of a claim under Case No. C–52914 for injury to claimant's left leg which occurred August 27, 1955, and thereafter was settled ($1,100.00) on joint petition on December 5, 1955. During the hearing it was respondent's position that claimant had no claim against the Fund and the injuries of 1952 and 1955 could not be combined to support a claim because barred by the statute of limitations.

The trial judge stated the statute of limitation never runs in favor of the Fund, since the purpose of the Fund was for benefit of the employee whose contributions went into the Fund. The expressed reason was that had claimant suffered an observable loss of a member during childhood without adjudication of the injury by any court, and this injury would be combinable with a later compensable injury. The trial judge then heard testimony relative to claimant's injury in 1952, adjudicated in Case No. C–29718, and the injury of 1955 adjudicated in 1955. Claimant also introduced medical evidence pertaining to the two injuries sought to be combined.

Thereafter the trial judge entered an order holding the claim was not barred by limitations, and determining jurisdiction to hear the cause. There was a further finding that claimant had sustained an accidental injury in 1955 resulting in adjudication of permanent partial disability to his foot; at the time of such injury claimant was a physically impaired person as defined by the Workmen's Compensation Act by reason of 1952 injury to the left hand, and by combination of that injury and 1955 injury to the left foot, claimant had suffered additional (5.1%) increase of permanent partial disability to the body as a whole, as a result of which the Fund was liable to payment of 25.5 weeks addi-

tional compensation. On appeal to the Industrial Court en banc this order and award was affirmed.

The primary question involved here, applicability of any statute of limitations to claims against the Special Indemnity Fund, is the same as that considered in Special Indemnity Fund v. Barnes, Okl., 434 P.2d 218, this day decided. Our opinion in that case is determinative of the primary question relative to applicability of the statute of limitations. However, the factual basis of the claims involved in the present proceeding is so distinguishable from the claim in Barnes, supra, as to require further consideration.

The statute, 85 O.S.1961, § 43, provides the periods of limitations applicable to all claims for compensation arising out of and in the course of hazardous employment covered by the Workmen's Compensation Act. Three paragraphs of the statute established and define the different periods of limitation. Paragraph one discloses that there is no right to claim compensation under the Act unless:

1. A claim is filed within one year following injury or death;

2. Or claim is filed within one year after payment of compensation or wages, or furnishing of medical attention, in lieu thereof; or

3. Within one year under special circumstances relating only to radiation diseases.

Paragraph two of the section fixes the limitation applicable where claim has been filed, but not pressed to final determination within five years by claimant.

Paragraph three provides a statute of limitation applicable only to reopening any case for change of condition. The Legislature's recognition of the necessity and reason for enactment of this particular period of limitation is reflected in Magnolia Pet. Co. v. Watkins, 177 Okl. 30, 57 P.2d 622.

From the foregoing it is plain that each paragraph of section 43 provides a different period of limitation for each of three categories of claims which come within jurisdiction of the State Industrial Court. The first period of limitation applies to what properly may be denominated the category involving non-claim, or failure to present any claim. In respect to such claims the statute, supra, has been construed consistently as in syllabus 2 of Determan v. Wilson & Co., Okl., 304 P.2d 1060:

"Under 85 O.S.1951 § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

The question of limitations with respect to all claims filed is jurisdictional, and will be reviewed independently by this Court. Gardner v. R. V. Dillard Drlg. Co., Okl., 290 P.2d 139.

The right to claim compensation under the Act, or to seek full compensation for combined disability by reason of being a physically impaired person within meaning of the Act, are rights extended solely by statute. The latter right did not come into existence until 1943, and was extended to persons falling within the specified category or classification under the conditions fixed by the Legislature. One condition for assertion of the right to seek additional benefits was that any claim therefor had to be made within the one year period specified in the statute. The question is whether the statute is a limitation upon the right to claim compensation and thus a limitation upon the liability created by the Workmen's Compensation Act, or whether it is a limitation only as to the remedy. The rule is that our statute provides a limitation upon the remedy only and not upon the right. Steffens Ice Cream Co. v. Jarvis, 132 Okl. 300, 270 P. 1103;

Pine v. State Ind. Comm., 148 Okl. 200, 298 P. 276, 78 A.L.R. 1294; National Zinc Co. v. Van Gunda, Okl., 402 P.2d 264.

A portion of claimant's argument is that no right against the Fund accrues until there has been an award for a compensable injury with which claimant can combine his prior physical impairment. From this it is argued that it is unreasonable to place responsibility or duty upon a claimant to file a claim against the Fund before his cause of action arises. It is asserted that our compensation law places no burden upon a claimant to give notice to, or file claim against the Fund.

The immediate answer to this argument is that the same Employee's First Notice of Injury and Claim for Compensation which must be filed, also provides for claimant to furnish information as to whether he is a physically impaired person. Upon filing of a claim which shows upon its face that claimant is, or may be determined to be, a physically impaired person within the meaning of the Act, it becomes the statutory duty of the State Industrial Court to notify the Fund, since this is a proceeding which may affect the Fund. See 85 O.S. 1961, § 175. The same action by claimant which will avoid the bar of limitations as to a claim for compensation, also will serve to preserve the claim against the Fund.

The error inhering in the Industrial Court's determination apparently evolved from the misconception that application of the statute would affect the right of a physically impaired person to claim benefits for a second, combinable injury. Because we apply the rule that the statute of limitation operates only against the employee's remedy this conclusion was erroneous.

Without reiteration of dates of the separate, adjudicated injuries relied upon as presenting the issue of physical impairment, it is sufficient to note that in no instance was any right reserved or claim made against the Special Indemnity Fund. We hold that the one year limitation prescribed in section 43, supra, barred the claim heard and determined by the State Industrial Court. The order holding the claim not barred and that the court had jurisdiction to determine same, and the award of benefits against the Special Indemnity Fund was erroneous.

Order vacated.

All Justices concur.