SPECIAL INDEMNITY FUND of the State
of Oklahoma, administered by the State
Insurance Fund, Petitioner,

v.

Walter T. BARNES and the State Industrial
Court of the State of Okla-
homa, Respondents.

No. 42124.

Supreme Court of Oklahoma.

Oct. 17, 1967.

Sam Hill, Moraul Bosonetto, Oklahoma City, for petitioner.

E. W. Keller, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

This is an original proceeding brought by the Special Indemnity Fund to review an order of the State Industrial Court awarding claimant, Walter T. Barnes, benefits as a physicially impaired person within the provisions of the Special Indemnity Fund Act, 85 O.S.1961, §§ 171–175.

There is no controversy as to the facts. On March 19, 1952, claimant sustained a compensable injury to his right leg. This claim was settled on a joint petition ($1,-350.00), approved by the State Industrial Court on June 25, 1952. On September 27, 1957, claimant sustained a compensable injury to his right wrist. This second claim also was settled on joint petition ($350.00) approved by the State Industrial Court on November 18, 1957. In this settlement claimant reserved his rights against the Special Indemnity Fund.

On November 23, 1957, claimant filed a motion asking the case against the Fund be set for hearing on the first available Oklahoma City docket. The case then was set for hearing on December 19, 1957. No hearing was held on that date, and thereafter this claim remained dormant for nearly nine years.

On April 22, 1966, claimant filed a second motion to set the case for hearing solely against the Fund. The matter was heard June 2, 1966, at which time the Fund filed an amended answer raising the question of the statute of limitations. No evidence was offered or order made concerning waiver or toll of the statute. The trial judge held the statute of limitations had not run against the Fund and that the court had jurisdiction to determine the cause, and entered an award in claimant's behalf against the Fund. The order and award was affirmed on appeal to the State Industrial Court en banc.

The statute involved, 85 O.S.1961, § 43, in pertinent part, provides:

"When a claim for compensation shall have been filed with the Commissioner as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under this Act and shall be dismissed by the Commission for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder."

The decisive question involves the issue whether the statute of limitation applicable to workmen's compensation claims generally runs in favor of the Special Indemnity Fund. The nature and purpose of the Special Indemnity Fund is so thoroughly understood as to make discussion unnecessary.

Summarized, the argument advanced in support of the order and award involved is: our statutes of limitation respecting compensation claims are said to be directory rather than jurisdictional. See Reints v. Diehl, Okl., 303 P.2d 641; the purpose of the Special Indemnity Fund is to compensate injured claimants for additional injury, and claimant's own money is used to accomplish this; to apply any limitation

to claims against the Special Indemnity Fund is to deny the claimant his own money and thwart the basic purpose of the Indemnity Fund. We are unable to consider such argument as providing a sound basis for the expressed conclusion that the statutes of limitation do not apply to claims against the Fund.

■ In our earlier decisions we have determined that legislative establishment of the Special Indemnity Fund was supplementary to the Workmen's Compensation Act, and provided a means by which a physically impaired employee might receive compensation for a combined disability in accordance with existing compensation laws of the State. And, the enactments which extended these benefits to physically impaired persons are incorporated into, and are an integral part of, the Workmen's Compensation Act to be administered upon exclusively by the Industrial Court. Special Indemnity Fund v. Farmer, 195 Okl. 262, 156 P.2d 815; Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609; Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584.

■ In creating the Special Indemnity Fund, to carry out the purposes of the compensation act, the Legislature included the State Insurance Fund upon the same basis as any insurer, and specifically charged that agency with administration and protection of the Indemnity Fund. 85 O.S.1961, §§ 174–175. The effect of this legislation made the Indemnity Fund a part of the State Insurance Fund. Insofar as the Insurance Fund is concerned, amenability of that agency to all the responsibilities which inhere in such business enterprise was determined in State ex rel. State Ins. Fund v. Bone, Okl., 344 P.2d 562. And, in State Insurance Fund v. Taron, Okl., 333 P.2d 508, statutes of limitation were held applicable to the Fund in the administration of its affairs upon the same basis as private insurance carriers.

■ It is uniformly held that statutes of limitation available to private litigants will run in favor of the state and against an individual where there is an effective remedy which if pursued will afford relief. Carter, Auditor v. Collins, 174 Okl. 4, 50 P.2d 203; State, etc. v. Ward, 189 Okl. 532, 118 P.2d 216; 53 C.J.S. Limitations of Actions § 15(3) b.

■ The plain language of the quoted provision, supra, clearly discloses the limitation expressed was extended to, and applies to any claim filed in the State Industrial Court. Neither in the original enactment creating the Special Indemnity Fund [85 O.S.Supp.1943, § 171 et seq.], nor in the amendments subsequently adopted, has the Legislature seen fit to provide that claims arising against the Special Indemnity Fund are to be considered in a category different from other claims for compensation under the Workmen's Compensation Act. Had such been intended we believe the Legislature would have given expression thereto.

■ In Beatty v. Scott, Okl., 362 P.2d 699, we construed section 43, supra, as applied to a claim for death benefits as being barred for failure to prosecute within five years after filing of claim. In affirming an order dismissing this claim we stated:

"It is settled law that when a statutory bar of limitation is properly invoked, the burden devolves upon the party seeking to avoid its effect to show the facts or acts which operate to either arrest, suspend, toll or waive the limitation period. United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107; Swafford v. Schoeb Ranch Mills, Okl., 359 P.2d 584; Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1022.

\* \* \*"

And, in answer to argument that claimant's inaction was excusable because of respondent's failure to oppose requested continuances within the limitation period, to press for final determination of the claim, or to show prejudice resulting from

lapse of time, this construction was stated in support of the conclusion:

"The plain terms of the enactment involved herein cast upon the claimant the duty of diligence in prosecuting his claim to a final determination. While it is a condition. Its bar is positive, and untrue that it is equally within the power of the respondent to move for an early disposition, he is under no legal duty to act, and is not expected to do more than meet his opponent step by step. Nor is the respondent required to show prejudice as a pre-requisite to obtaining a dismissal. The statute does not impose such less claimant brings himself within an express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar, the provisions of the statute are mandatory, and the State Industrial Court is without authority to excuse the delay."

■■ Statutes of limitation are statutes of repose, provided by the Legislature to prevent fraud, and to protect litigants from stale claims. As regards compensation claims this is a special statute of limitations covering a special, specific class of claims. Steffens Ice Cream Co. v. Jarvis, 132 Okl. 300, 270 P. 1103. No sound basis appears for permitting application of section 43, supra, solely to claims against the employer and insurance carrier while denying application of the statute to claims against the Special Indemnity Fund. Basically both claims arise from injury sustained by the employee. Both must be filed with the State Industrial Court, and both are determinable only before that court. The fundamental purpose of the statute, to bar prosecution of stale claims, requires the statute to be applied with equal force to each claim. We hold the five year limitation of the statute, section 43, supra, applicable to claimant's claim against the Special Indemnity Fund.

Order vacated.

All Justices concur.