Dear Commissioner, Clingman
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
In the context of 85 O.S. 175 (1991), in which the StateInsurance Fund is charged with the administration and protectionof the Special Indemnity Fund, what does "protection" mean?
¶ 1 The Special Indemnity Fund was established by the Legislature in 1943, to provide monies to compensate physically impaired workers for subsequent personal injuries suffered on the job. 85 O.S. 171-85 O.S. 176 (1991). The Oklahoma Supreme Court has held:
 The purpose of the Special Indemnity Fund is to encourage the employment of previously impaired workers, by assuring employers that they will only be responsible for payments stemming from a subsequent injury as though the worker were not previously impaired. The Fund is supplementary of the Workers' Compensation Act. Both Acts are remedial in character and should be liberally construed.
Special Indemnity Fund v. Treadwell, 693 P.2d 608, 610 (Okla. 1984), citing, Special Indemnity Fund v. Wade, 189 P.2d 609
(Okla. 1948).
¶ 2 The Oklahoma Supreme Court has held that the Special Indemnity Fund is a part of the State Insurance Fund. SpecialIndemnity Fund v. Barnes, 434 P.2d 218 (Okla. 1967). The court has also held that the State Insurance Fund is a trust fund for the benefit of employers who pay into it and their employees, and not state funds to be appropriated or used for general purposes outside the State Insurance Fund Act. Moran v. State ex rel.Derryberry, 534 P.2d 1282 (Okla. 1975).
¶ 3 Title 85 O.S. 175 (1991), in pertinent part, states:
 The State Insurance Fund of the State of Oklahoma shall be charged with the administration and protection of said Special Indemnity Fund and shall be notified by the Administrator of all proceedings which may affect such fund.
¶ 4 Your question asks what is meant by the word "protection" in the context of this statute.
¶ 5 In order to construe the word "protection" in 85 O.S. 175 (1991), it must first be ascertained whether this term has been defined by the Legislature. Neither "protection" nor "protect" is defined in Oklahoma statutes. Because the Legislature has not defined "protection" in the statutes, we must turn to the usual and commonly accepted meaning of the word. The established rule of statutory construction to be applied here has been stated:
 [S]tatutes are to be construed by reading their provisions with the ordinary and common definitions of the words used, and we must assume that the law-making authority intended for them to have the same meaning as that attributed to them in ordinary and usual parlance.
Ashland Exploration, Inc. v. State ex rel. Oklahoma Tax Comm.,751 P.2d 1070, 1073 (Okla. 1988) citing, Riffe Petroleum Corp.v. Great Nat. Corp., Inc., 614 P.2d 576 (Okla. 1980). See,also, 25 O.S. 1991, 1.
¶ 6 Webster's defines "protection" as: "the act of protecting; the state of being protected; preservation from loss, injury or annoyance; defense; shelter." Webster's New InternationalDictionary, p. 1722 (1949.) "Protect" is defined as: "to cover or shield from injury or destruction; guard" and "to save from contingent financial loss." Id. These definitions set out the ordinary meanings and common usage of the term "protection."
¶ 7 To further define the word "protection" as it is used in 85 O.S. 175 (1991), the common definitions must be applied in context. In 85 O.S. 175, supra, the State Insurance Fund is charged with the protection of the Special Indemnity Fund. The Board of Managers of the State Insurance Fund supervises the operation and administration of the State Insurance Fund. 85 O.S. 131a (1991). The Board of Managers is charged with supervising the operation and management of the funds involved in both the State Insurance Fund and the Special Indemnity Fund. In light of the holdings cited above in Moran and Barnes, the position of the Board of Managers is closely analogous to that of a trustee.
¶ 8 In general, trustees must exercise due diligence in the management of trust funds and properties. Harrison v. Barton,358 P.2d 211, 221 (Okla. 1960). Trustees are required to invest trust funds as would a prudent person in like circumstances. 60 O.S. 161 (1991). A fiduciary standard of management and care is required by a trustee under Oklahoma law. This management and care does not rise to the level of a guarantor. A trustee is only liable to a trust for loss if the trustee has committed a breach of trust, with the loss resulting from the breach. Robinson v.Kirbie, 793 P.2d 315 (Okl.App. 1990).
¶ 9 Therefore, we believe that "protection" as used in 85 O.S. 175 (1991), under the standards discussed above, would include such things as legal defense of subsequent injury claims, defense against attempts to appropriate the funds for unlawful purposes, and guarding against waste in administrative spending. It would also include taking actions and making policies geared toward assuring the soundness, viability and financial integrity of the Special Indemnity Fund. In addition, "protection" of the Special Indemnity Fund is governed by the laws establishing the State Insurance Fund, 85 O.S. 131 (1991) et seq., as well as the laws of the chapter establishing the Special Indemnity Fund, 85 O.S. 171 (1991) et seq.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that, as it is used in 85 O.S. 175 (1991), the word"protection" is analogous to the fiduciary duties of a trustee.This definition includes but is not limited to the following:instituting actions, policies and procedures which assure thesoundness, viability and financial integrity of the SpecialIndemnity Fund, such as defense of subsequent injury claims,defense against unlawful appropriation of the funds of theSpecial Indemnity Fund, and guarding against waste in theadministration of the Special Indemnity Fund. This fiduciary dutyto "protect" the Special Indemnity Fund does not, however, riseto the level of duty of a guarantor.
SUSAN BRIMER LOVING Attorney General of Oklahoma
KAREN L. COLLIER Assistant Attorney General