## SPECIAL INDEMNITY FUND, Petitioner,

v.

## Oca Mae CARLILE and the Workers' Compensation Court, Respondents.

### No. 87572.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 14, 1997.

Certiorari Denied March 31, 1997.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

W.C. Doty, the Bell Law Firm, Norman, for Respondent Carlile.

## MEMORANDUM OPINION

BUETTNER, Judge:

The sole question presented for our review is whether Oca Mae Carlile's workers' compensation claim against the Special Indemnity Fund was barred by the statute of limitations. The Workers' Compensation Court found that the claim was timely filed. We agree and sustain the order.

Physically impaired workers who sustain additional disabilities on the job, and for whom the resulting disability is materially greater than that which would have resulted from the additional injury alone, receive workers' compensation benefits for the amount of their full disability. The employer, however, is only liable for the additional injury. The Special Indemnity Fund, after the employer has paid those benefits for which he is liable, pays the remainder of the compensation. 85 O.S. 1991 § 172.[1]

On May 22, 1991, Carlile, a previously injured physically impaired person, filed a Form 3 "Employee's First Notice of Accidental Injury and Claim for Compensation." She alleged repetitive trauma injury to her spine resulting from her work as a utility person in a clothing manufacture factory and claimed that the last occurrence of trauma was on April 2, 1991. This claim was resolved by joint petition May 18, 1992 in the amount of $12,000.00. On September 18, 1995, Carlile notified the Special Indemnity

---

1. 85 O.S. § 172 was amended in 1994, but the amendments are not pertinent to this appeal.

Fund of her claim for permanent total disability. The Fund answered and raised the statute of limitations as an affirmative defense.

After trial, the Workers' Compensation Court found that Carlile's claim was not barred by the statute of limitations and ordered the Special Indemnity Fund to begin weekly payments in the amount of $161.54 for five years or until Carlile attained age 65, whichever came later. A unanimous three-judge panel affirmed the order, except as to attorney fees.

A claim for injury caused by repeated trauma causally connected with employment may be filed within two years of the last exposure to the trauma. 85 O.S. 1991 § 43(A).[2] Because Carlile filed her claim within two months of the last exposure to her repetitive trauma, she timely filed her claim. The claim identified her as having pre-existing disabilities.

There is no proof in the record, however, that the Special Indemnity Fund knew of the claim until September 1995, more than four years after the filing of the claim. That is not, however, determinative. The Special Indemnity Fund argues that 85 O.S. Ch. 4, App., Workers' Compensation Rule 13A states that a claim against the Special Indemnity Fund is commenced by filing a Form 3–f against the Fund and requires the claimant or his attorney to notify the Fund of the filing. However, this rule does not establish a deadline for filing the Form 3–f. The Fund argues for a separate two year statute of limitations for actions against the Fund in accordance with § 43. However, the Oklahoma Supreme Court has previously established the rule in these cases that every "timely claim against the employer, which timely identifies the claimant as a physically impaired person, is deemed timely brought against the Fund." *Reynolds v. Special Indemnity Fund,* 725 P.2d 1265, 1268 (Okla. 1986). Also see *Special Indemnity Fund v. Hulse,* 441 P.2d 366, 369 (Okla.1967) ("The

same action by claimant which will avoid the bar of limitations as to a claim for compensation, also will serve to preserve the claim against the Fund.") It appears that the only protection the Fund has against delayed claims is the requirement that claimant diligently prosecute the claim. 85 O.S. § 43(B).[3] In this case, the Form 3–f was filed, and the Fund was notified of the claim, less than five years from the date of filing of the claim or last payment of compensation. Accordingly, the Special Indemnity Fund has failed to carry its burden of proving that the claim was time-barred.

SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.

---

2. The 1994 amendment to 85 O.S. § 43 is not pertinent to this appeal.

3. A claimant who files, but does not in good faith request a hearing and final determination within

5 years of the date of filing the claim or last payment of compensation, or wages in lieu, will find her claim dismissed with the basis of the claim barred. 85 O.S. § 43(B).