2003 OK CIV APP 30

**Clifford LOFTIS, Jr., Petitioner,**

**v.**

**MULTIPLE INJURY TRUST FUND, and The Workers' Compensation Court, Respondents.**

**No. 97,966.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 20, 2002.

Approved for Publication by Order of the Supreme Court Feb. 24, 2003.

Certiorari Denied March 4, 2003.

John L. Harlan, Sapulpa, OK, for Petitioner.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, for Respondent.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 Petitioner, Clifford Loftis, Jr. (Claimant), seeks review of a Workers' Compensation Court (WCC) order finding he had no legally cognizable claim against Respondent, Multiple Injury Trust Fund (Fund). The order, noting undisputed facts, denied the claim "as a matter of law" based on *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, 38 P.3d 213. *Autry* involved the 1999 amendment to 85 O.S. Supp.1994 § 172, which began the dissolution of Fund by precluding its liability for permanent partial disability (PPD) in actions filed after October 31, 1999. We find Claimant had a vested, constitutionally protected claim against Fund of which he could not be deprived by statutory repeal in the 1999 amendment and vacate the WCC's order.

¶ 2 The purpose of establishing Fund (formerly the Special Indemnity Fund) was to encourage employment of previously impaired workers by assuring employers they would be responsible only for compensation benefits stemming from a subsequent injury as though the worker was not previously impaired. *Special Indem. Fund v. Treadwell,* 1984 OK 91, 693 P.2d 608. Fund would be liable for the increase where the degree of disability caused by combining the previous impairment and subsequent injury is materially greater than impairment from the last injury alone. *Special Indem. Fund of Okla. v. Hewes,* 1950 OK 11, 214 P.2d 240.

¶ 3 The parties agree to the following facts. Claimant suffered compensable injuries to his back, hips and legs in 1990. In 1992, he entered into a joint petition settlement for these injuries in an amount equivalent to 9.3% PPD. On March 8, 1999, Claimant injured his back at work. He filed a claim against his employer as to this latter injury on November 12, 1999. On March 4, 2002, Claimant was awarded 27.5% PPD to the low back, and 10% PPD for psychological overlay, as compensation for the 1999 injury.

¶ 4 On March 28, 2002, Claimant filed a Form 3–F claim for benefits from Fund. He alleged combined disability of 67% and material increase in disability of 20.2% due the combination of the 1990 and 1999 injuries. Fund moved to dismiss the claim. Fund noted in its motion that Claimant filed his claim for his most recent injury on November 12, 1999. In support of the motion, Fund cited *Autry v. Multiple Injury Trust Fund, supra,* and quoted from 85 O.S. Supp.1999 § 172(A)(2)(a):

"For actions **filed before November 1, 1999,** if such combined disabilities constitute partial permanent disability ... employee shall receive full compensation for the combined disability ...". (Emphasis in original).

¶ 5 Fund's Motion to Dismiss resulted in the order for which Claimant now seeks our review. Although the WCC did not expressly state its rationale for denial, it is apparent the order was based on a finding the claim was not filed before November 1, 1999. Claimant argues *Autry* may be distinguished from the facts of the present case and asserts several constitutional arguments regarding

application of § 172 here. We are persuaded by Claimant's contention, pursuant to Art. 5, § 54 of the Oklahoma Constitution, that he could not be deprived of a vested right, and we need not address Claimant's other arguments. The question before us being one of law, our standard of review is *de novo,* and we give no deference to the legal rulings of the WCC. *Rivas v. Parkland Manor,* 2000 OK 68, 12 P.3d 452.

¶ 6 In *Autry,* the Supreme Court construed § 172(A), particularly the amendment effective November 1, 1999, which is the center of controversy here. The claimant there, a physically impaired person, sustained a subsequent injury in 1995 and filed his claim against the employer for that injury on September 14, 1999, but did not file his claim against Fund until January 2000. The parties argued over whether the pre-amendment or post-amendment version of § 172(A) applied. The Supreme Court held that was not the dispositive issue, rather it was what the Legislature meant when it precluded Fund's liability for PPD "for actions filed after October 31, 1999" in the 1999 amendment.

¶ 7 The *Autry* Court found the phrase in question referred to "actions" for PPD benefits against the employer, and not filing an "action" against Fund for material increase in PPD. The Court, noting PPD was not recoverable from Fund after the 1999 amendment, concluded the Legislature would not have made an ineffectual filing the operative event in the statute.

¶ 8 Because the *Autry* claimant filed his claim against his employer *before* the October 31, 1999 cutoff date, the Court held he was entitled to claim against Fund. In so holding, the Supreme Court, noting "patent ambiguity" in the amendatory language, based its determination on principles of statutory construction, and reached no conclusion regarding the constitutional implications of the 1999 amendments. In fact, the Court stated in footnote 5 of its opinion:

Today's holding makes it unnecessary to address Claimant's assertion that, if applied to his claim, the 1999 amendment to section 172(A) would constitute a special

law cutting off a vested right to benefits from the Fund in violation of due process.

¶ 9 In the matter before us, however, Claimant did not file his claim for PPD against his employer until November 12, 1999, after the cutoff date for "actions" filed pursuant to § 172(A). Therefore, unlike *Autry,* the question whether Claimant had a constitutionally protected vested right on the effective date of the 1999 amendment is relevant here. As we noted above, Claimant contends he had such a right under Art. 5, § 54 of the Oklahoma Constitution.

¶ 10 Art. 5, § 54 provides, in relevant part: The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any *accrued right,* ... (Emphasis added).

¶ 11 In *Rivas v. Parkland Manor,* 12 P.3d at 458, the Supreme Court considered and discussed, *inter alia,* the claimant's assertion that application of § 22(7) of the Workers' Compensation Act was in violation of Art. 5, § 54. The Court noted, "..even the most unrestrained legislature cannot deprive a plaintiff of vested interests." The Supreme Court further noted, at 12 P.3d at 458:

A person acquires a vested right to a remedy for a cause of action when that cause of action accrues. ... In Oklahoma, a party's cause of action accrues when that person can maintain the cause to its legal conclusion, the legal authority to demand redress. ... This means that not only does the individual have the right to pursue the cause, but also has the right, if successful, to the remedies available at the time of accrual. (Citations omitted).

¶ 12 Applying the foregoing rules, the *Rivas* Court determined the claimant's cause of action for his injury accrued at the time of his employment-related accident, and that at no time prior to the injury did he have the right to maintain a cause of action against the employer. In that the statute in question was amended before the claimant's injury, the Court held he was not deprived of any vested rights.

¶ 13 Here, however, Claimant sustained the later/subsequent injury *before* § 172(A) was amended to preclude Fund's

liability for PPD. It is well established under our Workers' Compensation law that "the law in effect at the time of an employee's later/subsequent job-related injury is to be used in fixing Fund's liability." *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, 37 P.3d 899. Even Fund does not contend it would not have been liable for material increase in PPD under the version of § 172(A) in effect prior to the 1999 amendments.

 ¶ 14 The question then becomes whether Claimant's right to be compensated by Fund for such material increase accrued at the time of his March 1999 injury. We find that it did. "As a general rule, the accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another, a cause of action has accrued and the statute of limitations begins to run." *Cowart v. Piper Aircraft Corp.*, 1983 OK 66, 665 P.2d 315. In *Cowart*, the Supreme Court noted accrual of a cause of action does not require that suit shall have commenced at the time of amendment.

¶ 15 The pre-amendment version of § 172(A) provides:

If an employee who is a "physically impaired person" *receives an accidental personal injury* compensable under the Workers' Compensation Act which results in additional permanent disability, ... (Emphasis added).

¶ 16 Thus, it is the subsequent compensable injury received by a physically impaired person which allowed recovery from Fund. It was at the moment of his subsequent injury that Claimant's right to proceed against both his employer and Fund arose, and his cause of action accrued.[1] The fact that Claimant had the burden to prove compensability of the injury to recover from either does not change the time of accrual.

 ¶ 17 Claimant's subsequent injury entitling him to proceed against Fund occurred on March 8, 1999. On that date he had a vested right which, once created, became absolute and was protected from "legislative invasion" by Art. 5, § 54 of our state Constitution. *In re Bomgardner*, 1985 OK 59, 711 P.2d 92. The 1999 amendment to 85 O.S. Supp.1994 § 172, as applied to PPD actions filed after October 31, 1999, but where the subsequent injury occurred on or before that date, is an unreasonable exercise of legislative authority affecting a vested right in violation of Art. 5, § 54. *See, Plummer v. Special Indem. Fund*, 1998 OK CIV APP 136, 965 P.2d 998.

¶ 18 The WCC erred in finding Claimant, as a matter of law, had no cognizable claim against Fund. The WCC's order is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.

ADAMS and MITCHELL, JJ., concur.

---

1. Generally, "[t]he same action by claimant which will avoid the bar of limitations as to a claim for compensation, also will serve to preserve the claim against the Fund." *Special Indem. Fund v. Carlile*, 1997 OK CIV APP 14, 939 P.2d 26 (Approved for Publication by the Supreme Court), quoting from *Special Indemnity Fund v. Hulse*, 1967 OK 219, 441 P.2d 366.