2008 OK 15

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Frank WADE and the Workers' Compensation Court, Respondents.**

**No. 103,067.**

Supreme Court of Oklahoma.

Feb. 26, 2008.

Rehearing Denied April 7, 2008.

---

2. Title 68 O.S. Supp.2004 § 2817, see note 1, supra.

Georgiana Peterson, Oklahoma City, OK, for petitioner.

Joe Farnan, Purcell, OK, for respondents.

TAYLOR, J.

¶ 1 The dispositive issue in this appeal is whether claimant timely requested a hearing on his right to receive benefits from the Multiple Injury Trust Fund (Fund). We conclude that *85 O.S.Supp.1986, § 43* (B) governs the time-restriction issue and that this statute required claimant to file a request for a hearing on his claim against the Fund within five years from the last payment by the employer in the primary claim. In

this case, the date of last payment by the employer is a fact to be found by the trial judge below. Accordingly, we vacate the opinion of the Court of Civil Appeals, reverse the award of the Workers' Compensation Court (WCC), and remand this matter for further proceedings consistent with this opinion.

## I. Background

¶ 2 In 1988, Frank Elmer Wade (claimant) sustained injuries to his lower back and his right wrist in the course of his employment at General Motors. Upon agreement of the parties, on October 25, 1990, the WCC adjudicated claimant's permanent partial disability due to the back impairment at 20% and the right hand impairment at 20% in case No. 88–10266 J.

¶ 3 On February 9, 1990, claimant sustained an injury to his neck in the course of his employment at General Motors (employer). On April 6, 1990, claimant timely filed a workers' compensation claim Form 3, indicating he was a physically impaired person by reason of "No. 88–10266 J, back, neck, and right hand." By order filed June 20, 1991, the WCC determined claimant sustained a compensable injury to his neck and was temporarily totally disabled. Upon an evidentiary hearing on July 21, 1992, the WCC determined claimant was temporarily and totally disabled from August 2, 1990 to March 12, 1992, and reserved the issue of overpayment of temporary total disability for future hearing. The court also determined claimant sustained 34% permanent partial disability to the body as a whole due to the injury to the neck with radicular symptoms to the right arm and right hand. The court awarded claimant compensation for 170 weeks at $173.00 per week for the total amount of $29,410.00 and, finding 19 weeks had accrued, ordered a lump sum payment of $3,287.00. The order was filed on July 29, 1992.

¶ 4 The order was not appealed and is final and conclusive between the parties upon all questions presented to the WCC. *85 O.S. 1991, § 3.6* (C). We observe that the order did not mention claimant's prior physical impairment nor did it mention the Fund even though the claim identified claimant as a physically impaired person and the judgment roll in case No. 88 –10266 J was admitted into evidence.[1]

¶ 5 The record on appeal shows very little activity in the case after the July 29, 1992 order until April of 2005. The next day, July 30, 1992, the employer filed a request for a pre-hearing conference on the calculation of credit for overpayment of temporary total disability. About two months later, on September 22, 1992, the claimant filed a motion to set for trial the issue of vocational rehabilitation. The record on appeal does not show

---

1. Offering proof of claimant's prior physical impairment, the employer's attorney said:

 We would also like to introduce the previously referred to judgement roll in Claimant's prior case 88–10266 J, that's versus General Motors. That involves injuries to the back and right hand, for which the Claimant was found to have 20 percent impairment to the back and 20 percent impairment to the right hand.

 The judgement roll, as previously indicated, does consist of Claimant's medical reports that show similar complaints to the right hand. And we would ask the Court to take that into consideration.

 We would for the record, mention, based upon our off-the-record discussion, I don't think that this case requires a Crumby finding as to injuries to the back and right hand and it certainly would not be the intention of the Respondent to appeal any such order for failure to make a Crumby finding.

 I just would like the Court to take the same or similar complaints to the right hand in consideration in awarding impairment.

 With these remarks, perhaps, employer's attorney was agreeing that the employer would pay for claimant's full disability due to the subsequent injury and the combination of the previous and subsequent impairment. If so, claimant would not be entitled to be compensated again, and as to the claimant, the award would be final on the issue of compensation for the combination of his previous and subsequent injuries. *Stidham v. Special Indemnity Fund*, 2000 OK 33, ¶ 6, 10 P.3d 880, 883. In this appeal, however, the Fund has not argued that claimant's disabilities from the combination of injuries were decided in 1992. Although this is a public-law case, we are not required to address issues not argued. *Id.* at ¶ 15, n. 26, 10 P.3d at 887, n. 26.

 In these remarks, the employer's attorney undeniably waived a *Crumby* finding—a rating by the Workers' Compensation Court of the claimant's previous impairment under *J.C. Penney Co. v. Crumby*, 1978 OK 80, 584 P.2d 1325. But, neither the 1992 order nor the necessity of a *Crumby* finding in that order is before us.

further activity relating to the overpayment or vocational rehabilitation. From this record, it appears that the employer fully paid the compensation as ordered and that the case lay dormant for more than twelve years.

¶ 6 On April 29, 2005, claimant filed a motion for a trial on two issues: 1) permanent partial disability, and 2) liability of the Fund. The Fund answered, asserting that claimant was not a previously physically impaired person, he did not preserve any right to proceed against the Fund, and he did not properly or timely file a claim against the Fund.

¶ 7 On July 13, 2005, the WCC heard arguments on the time-limitations issues and received evidence on the claim. The Fund urged that claimant had five years from the July 29, 1992 order to request a hearing on his claim against the Fund under § 43(B) of the workers' compensation statutes. Claimant argued that he had no time restrictions on filing a Form 3–f to commence a claim against the Fund under Rule 13A and that he had five years after commencing the claim to request a hearing thereon under *Reynolds v. Special Indemnity Fund,* 1986 OK 64, 725 P.2d 1265, and *Special Indemnity Fund v. Carlile,* 1997 OK CIV APP 14, 939 P.2d 26. The Fund and the claimant submitted medical reports on the issue of material increase in disability and the Fund stipulated that claimant sustained 28% permanent disability to the body as a whole due to the previous impairment to the back and right hand.

¶ 8 On July 15, 2005, the WCC dismissed the claim against the Fund for want of prosecution, concluding that claimant failed to request a hearing on his claim against the Fund within five years of the date of the last payment of compensation as required by § 43(B) and *Special Indemnity Fund v. Carlile,* 1997 OK CIV APP 14, 939 P.2d 26. The dismissal order did not make a finding as to the date of last payment and the record on appeal does not indicate that the parties stipulated to or offered any proof of the date of last payment.

¶ 9 On November 7, 2005, a three-judge panel of the WCC vacated the trial judge's dismissal order as contrary to law and against the clear weight of the evidence and remanded the claim to the trial judge. On December 15, 2005, claimant filed a Form 3–f claim for benefits from the Fund and a Form 9 motion to set a trial on the liability of the Fund. On January 11, 2006, the Fund answered again asserting that claimant failed to timely request a hearing on his claim against the Fund. Claimant responded with a brief on the timeliness of the claim against the Fund and the request for a hearing.

¶ 10 On January 31, 2006, the WCC found that claimant sustained 34% permanent partial disability to the body as a whole by reason of the 1990 injury to the neck with radiculopathy to the right arm and right hand, that claimant sustained 28% permanent partial disability to the body as a whole by reason of the 1988 injuries, and that claimant sustained 10% material increase in permanent partial disability by reason of the combination. The WCC adjudicated claimant's permanent partial disability to the body as a whole at 72% and ordered the Fund to pay compensation for 50 weeks at $173.00 per week or a total of $8,650.00.

¶ 11 The Fund timely filed a petition for review asserting that the claim was barred by the statute of limitations in § 43(A) and that the claimant failed to timely prosecute the claim as required by § 43(B). The Court of Civil Appeals concluded the claim is not time barred and it was timely prosecuted under the controlling authority of *Reynolds v. Special Indemnity Fund* and *Special Indemnity Fund v. Carlile.* We granted the Fund's petition for writ of certiorari.

## II. Standard of Review

 ¶ 12 The dispositive issue here is the meaning and application of the time requirement in subsection 43(B) of Title 85 of the Oklahoma Statutes for the diligent prosecution of a claim against the Fund. Construction of statutory language is a pure issue of law that stands before us for *de novo* review. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1122–1123. Our review of the workers' compensation court's legal rulings is plenary, independent and non-deferential. *Id.*

## III. The Special Indemnity Statutes

¶ 13 The Fund was originally created in the Special Indemnity Fund Act, 1943 Okla. Sess. Laws, p. 258–260, now codified at 85 O.S.2001, §§ 171–176, as amended.[2] The special indemnity statutes were enacted to encourage employment of physically impaired persons defined in § 171. The statutes protect employers from the responsibility to compensate a physically impaired person for disability resulting from the combination of the previous impairment and the subsequent impairment caused by an on-the-job injury. *Special Indemnity Fund v. Bonner,* 1947 OK 144, ¶ 7, 198 Okla. 491, 180 P.2d 191, 192; *Special Indemnity Fund v. Figgins,* 1992 OK 59, ¶ 6, 831 P.2d 1379, 1382–1383.

¶ 14 The applicable version of § 172[3] provided:

A. If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of the combined disabilities.... Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund....

*85 O.S.Supp.1986, § 172* (A). These provisions apportion between the employer and the Fund the responsibility for compensating a physically impaired person who sustains a work-related injury. They assure the employer will be responsible only for the disability resulting from the injury and the Fund will be responsible for the disability resulting from the combined previous impairment and the subsequent impairment. The above-quoted provisions remain, in substance, in the most current version of § 172, although the class of employees entitled to receive Fund benefits has been reduced.[4]

## IV. The Derivative Nature of the Fund's Liability

¶ 15 The special indemnity statutes do not impose a primary or original obligation upon the Fund. As *Levi v. Special Indemnity Fund,* 1964 OK 32, ¶ 7, 389 P.2d 620, 621–622, explained:

The Special Indemnity Fund Act does not undertake to cast upon the Fund prime liability which could be viewed as original and wholly distinct, independent and disconnected from that of the last employer. What that law does contemplate is rather characterized as an apportionment or division of obligation between the employer and the Fund in accordance with the statutory formula. *Special Indemnity Fund v. Farmer, et al.,* 195 Okl. 262, 156 P.2d 815.

¶ 16 The Fund's obligation is derived from the anterior obligation of the employer, it merely supplements the employer's obligation, and it does not attach until the extent of the employer's primary liability for the subsequent work-related injury has been judicially determined. *J.C. Penney Co. v. Crumby,* 1978 OK 80, ¶ 10, 584 P.2d 1325, 1329. We have repeatedly recognized the derivative nature of the Fund's liability. *Id.; Levi v. Special Indemnity Fund,* 1964 OK 32

---

**2.** In 1999, the Legislature changed the name of the Special Indemnity Fund to the Multiple Injury Trust Fund. 1999 Okla. Sess. Laws ch. 420, § 9, 85 O.S.Supp.1999, § 173.

**3.** The statute in effect on the date of the injury governs the claim for compensation. *Special Indemnity Fund v. Archer,* 1993 OK 14, ¶ 9, 847 P.2d 791, 794–795. The 1986 version of the workers' compensation statutes was in effect at the time of claimant's injury on February 9, 1990, and governs this claim.

**4.** In recent amendments to § 172, the Legislature precluded employees who sustained only permanent partial disability from the benefits and thereby limited the Fund's obligation to employees claiming permanent total disability resulting from the combination of the previous and subsequent impairments. *See St. John Medical Center v. Bilby,* 2007 OK 37, 160 P.3d 978. The latest amendment was in 2005. (2005 Okla. Sess. Laws, ch. 1, First Extraordinary Sess.).

at ¶ 9, 389 P.2d at 622; *Special Indemnity Fund v. Mickey,* 1977 OK 38, ¶ 6, 563 P.2d 123, 125; *Reynolds v. Special Indemnity Fund,* 1986 OK 64 at ¶ 11, 725 P.2d at 1268.

## V. The Derivative Nature of a Claim against the Fund within the Primary Claim against the Employer

¶ 17 A claim against the Fund has not been treated as an independent action or proceeding separate and apart from the claim against the employer. Rather, our workers' compensation law has charted a course for proceedings on claims against the Fund within the proceedings on the primary claim against the employer. The WCC Rules require that the Form 3 commencing a claim against the employer identify the claimant as a "physically impaired person," if applicable, and that the Form 3-f commencing a claim against the Fund be filed under the same court case number as the claim against the employer.[5] The special indemnity statutes require the Administrator of the WCC to notify the Fund of any claim identifying the claimant as a physically impaired person because it is a proceeding that may affect the Fund. *Special Indemnity Fund v. Hulse,* 1967 OK 219, ¶ 14, 441 P.2d 366, 369.

¶ 18 Our decisional law has consistently folded claims against the Fund into proceedings on the claims against employers. *Cameron & Henderson v. Franks,* 1947 OK 232, ¶ 28, 184 P.2d 965, 970, recognized the employer's pecuniary interest in having the Fund's liability decided in the claim against the employer and reversed the order of the State Industrial Commission (now the Workers' Compensation Court) dismissing the Fund as a party to the proceeding. *Reynolds v. Special Indemnity Fund,* 1986 OK 64 at ¶¶ 6, 8, 725 P.2d at 1268–1269, recognized the derivative nature of the Fund's liability

and characterized the claim against the Fund as being derived from and supplemental to the claim against the employer. *J.C. Penney Co. v. Crumby,* 1978 OK 80 at ¶ 16, 584 P.2d at 1330–1331, reversed the WCC because neither the medical evidence nor the judge's order rated the claimant's prior physical impairment in deciding the claim filed against the employer. *Hammons v. Oklahoma Fixture Company,* 2003 OK 7, ¶ 5, n. 11, 64 P.3d 1108, 1110, n. 11, explained that *Crumby* required the trial judge to "**rate** (1) claimant's *pre-existing unrelated impairments* as well as (2) *the impact,* if any, the compensable injuries may have had upon claimant's pre-existing disability."

¶ 19 Further, we have implicitly recognized the derivative nature of claims against the Fund in our determinations that: 1) the right of an employee who is physically impaired to pursue a claim against the Fund arises when the employee sustains a work-related compensable injury, *Loftis v. Multiple Injury Trust Fund,* 2003 OK CIV APP 30, ¶ 16, 67 P.3d 924, 927 (approved for publication by the Oklahoma Supreme Court); 2) the Fund's payment obligation is triggered by the last payment of the employer's liability for the claimant's permanent disability, *Multiple Injury Trust Fund v. Pullum,* 2001 OK 115, ¶ 17, 37 P.3d 899, 907; and 3) the term "action" in the phrase "for actions filed after October 31, 1999" in the 1999 amendment to § 172 referred to the claim filed against the employer on the subsequent injury and did not refer to the filing of a claim against the Fund. *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, ¶ 13, 38 P.3d 213, 218. Accordingly, a claim against the Fund is a part of the primary claim against the employer and it is derivative in nature.

---

**5.** Rule 13 provides for the commencing of proceedings against the employer. At paragraph (A), Rule 13 states that a "proceeding for compensation under the Workers' Compensation Act shall be commenced" by filing a Form 3 for accidental injury benefits. Rule 13A, now Rule 11, provides for the commencing of claims against the Fund. At paragraph (A), Rule 13A provides that a claim against the Fund shall be commenced by the filing of an executed Form 3-f, now 3F. At paragraph (C), Rule 13A provides

that the notation that the claimant is a previously impaired person on a Form 3 or 3-b shall not be deemed to commence a claim against the Fund.

The Workers' Compensation Court Rules are codified in ch. 4 of Title 85 of the Oklahoma Statutes. The rules that became effective June 1, 1987, 85 O.S.Supp.1987, ch. 4, app., are applicable here. The provisions applicable here are remain without substantial change in the most current version of the rules.

## VI. Application of the Time Restriction on Hearings Prescribed in § 43(B) of Title 85 of the Oklahoma Statutes to Claims against the Fund

¶ 20 The special indemnity statutes are an integral part of the workers' compensation statutes. *Special Indemnity Fund v. Barnes*, 1967 OK 216, at ¶ 8, 434 P.2d at 220. The special indemnity statutes do not specify a time period for the filing of a derivative claim against the Fund. Accordingly, the time restrictions in § 43 of the workers' compensation statutes are applicable to proceedings against the Fund. *Id.* at ¶ 11, 434 P.2d at 220; *Special Indemnity Fund v. Hulse*, 1967 OK 219 at ¶ 7, 441 P.2d at 368. The pertinent provisions of § 43 read:

A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed....

B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore filed and pending on the effective date of the Workers' Compensation Act before the State Industrial Court shall likewise be barred after the expiration of five (5) years from the filing date or within five (5) years from the date of last payment of compensation or wages in lieu thereof.

85 O.S.Supp.1986, § 43.[6]

¶ 21 The Fund argues that claimant failed to timely file a claim against it under § 43(A). However, the time limitation in § 43(A) is not at issue here because it is undisputed that the primary claim against the employer on the 1990 work-related injury identified the claimant as physically impaired person and was timely filed under § 43(A). The claim against the Fund is timely under the well-established rule that the timely filing of the primary claim against the employer which identifies the claimant as a previously physically impaired person under § 43(A) is deemed a timely filing against the Fund. *Special Indemnity Fund v. Hulse*, 1967 OK 219 at ¶ 14, 441 P.2d at 369; *Reynolds v. Special Indemnity Fund*, 1986 OK 64 at ¶ 8, 725 P.2d at 1270.

¶ 22 In considering nearly identical language imposing the five-year limit in § 43(B), this Court, years ago, said the time limitation plainly applied to a claim against the Fund.

The plain language of the quoted provision, supra, clearly discloses the limitation expressed was extended to, and applies to any claim filed in the State Industrial Court. Neither in the original enactment creating the Special Indemnity Fund [*85 O.S.Supp.1943, § 171* et seq.], nor in the amendments subsequently adopted, has the Legislature seen fit to provide that claims arising against the Special Indemnity Fund are to be considered in a category different from claims for compensation under the Workers' Compensation Act. Had such been intended we believe the Legislature would have given expression thereto.

*Special Indemnity Fund v. Barnes*, 1967 OK 216, at ¶ 11, 434 P.2d at 220. The application of § 43(B) is not challenged. What we must decide is the triggering event that starts the running of the five-year time period within which a claimant must make a good faith request for a hearing on a claim against the Fund. The issue is one of statutory construction.

¶ 23 The goal of any inquiry into the meaning of a statute is to ascertain and follow legislative intent. *Arrow Tool & Gauge v. Mead*, 2000 OK 86, at ¶ 15, 16 P.3d

---

6. In 1997, the Legislature amended § 43(B), reducing the five-year time period to a three-year time period. 1997 Okla. Sess. Laws, ch. 361, § 12. Otherwise, the language remains substantially the same in the latest version of § 43(B). 85 O.S.Supp.2007, § 43 (B).

at 1125–1126. If the statutory language is plain and its meaning is clear, we must apply the statute as written. *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 11, n. 9, 33 P.3d 302, 306, n. 9. If the meaning of a provision is not clear, the ambiguous terms will be considered in the context of the statute, *St. John Medical Center v. Bilby,* 2007 OK 37, ¶ 6, 160 P.3d 978, 979, and will be harmonized with other relevant sections. *State ex rel. Oklahoma State Dept. of Health v. Robertson,* 2006 OK 99, ¶ 7, 152 P.3d 875, 878.

¶ 24 We begin our inquiry with the observation that the time restriction on requesting a hearing in § 43(B) is not a limitation on bringing the "action" like the limitation in § 43(A). *Amos v. Spiro Public Schools,* 2004 OK 4, ¶ 3, n. 7, 85 P.3d 813, 815, n. 7. The time restriction in § 43(B) fixes the time period for requesting a hearing on a timely-filed claim. *Id.* It is a time restriction designed to protect both the employer and the claimant. *Key Energy Services v. Minyard,* 2007 OK 99, ¶ 18, 173 P.3d 1198, 1203. It is not a statute of repose to be strictly construed despite a claimant's efforts. *Cole v. Silverado Foods, Inc.,* 2003 OK 81, ¶ 9, n. 22, 78 P.3d 542, 547, n. 23.

¶ 25 Section 43(B) does not clearly express what event or events the Legislature intended would start the time period for requesting a hearing on a claim against the Fund. The meaning of the word "claim" is not obvious in the following language in § 43(B): "When a claim has been filed ... unless the claimant shall ... request a hearing ... within five (5) years from the filing thereof or within five (5) years from the date of last payment of compensation." Does the word "claim" refer to a claim against the employer or a claim against the Fund or both?

¶ 26 Here, we observe that the WCC Rules [7] contribute to the ambiguity by the use of the word "commence," which as a word of legal art is the equivalent of "commence an action" or "bring an action" or "an action is commenced when it is brought" for statute of limitations purposes. For instance, in requiring the filing of a Form 3 to initiate a proceeding against the employer,

Rule 13 speaks in terms of "commencing" a claim. In requiring the filing of a Form 3–f, now 3F, to initiate a proceeding against the Fund, Rule 13A speaks in terms of "commencing" a claim. In requiring the filing of a Form 3–e to initiate a proceeding against the employer for combined disabilities, Rule 13B speaks in terms of "commencing" a claim. In recognizing the employer's temporary compensation obligation, Rule 14 speaks in terms of "commence" temporary compensation.

¶ 27 The claimant argues that he had no time restriction on the filing of a Form 3–f claim against the Fund because whenever it is filed it is deemed timely under *Reynolds v. Special Indemnity Fund* and because it is the filing of the claim against the Fund that triggers the running of the five-year period for requesting the hearing. According to the claimant, the notation that he was a physically impaired person on his timely-filed Form 3 claim against the employer operated to preserve his claim against the Fund whenever commenced under *Special Indemnity Fund v. Carlile.* We reject this argument for three reasons.

¶ 28 First, *Special Indemnity Fund v. Carlile* did not decide that claimant had no time restriction on filing a claim against the Fund. Rather, it merely acknowledged that Rule 13A contained no time restriction.

¶ 29 Second, were we to decide that there was no time limit on claimant's filing a Form 3–f and that the five-year time restriction on requesting a hearing against the Fund did not begin to run until the filing of the Form 3–f under Rule 13A, we would render the five-year time restriction meaningless as to claims against the Fund. For more than forty years, we have applied § 43 to claims against the Fund, and today, we will avoid any interpretation that would render the statute meaningless as to the Fund. *See Bryant v. Dept. of Public Safety,* 1996 OK 134, 937 P.2d 496. Further, the absence of a time restriction on filing a claim against the Fund in the WCC rules is not meaningful. Rule 13 dealing with the filing of primary claims against employers has no time restrictions. Inas-

---

7. The WCC Rules are discussed at note 5, *supra.*

much as workers' compensation law is purely statutory, *Strong v. Laubach,* 2004 OK 21, ¶ 10, 89 P.3d 1066, 1070, procedural time restrictions that serve as a grounds for dismissal must be statutory, and the rules of the WCC must be consistent with the statutes. 85 O.S.2001, § 1.2 (E).

¶ 30 Third, the argument is not consistent with the clear intent in § 172 that the responsibility for injury to the physically impaired employee is to be apportioned between the employer and the Fund, nor is it consistent with the clear mandate in § 172 that after "payments by the employer or his insurance carrier, if any, the remainder of such compensation shall be paid out of the Special Indemnity Fund." We must construe the five-year restriction on requesting hearings on claims against the Fund together with the relevant provisions in the special indemnity statutes. *See McNeill v. City of Tulsa,* 1998 OK 2, ¶ 11, 953 P.2d 329, 331.

¶ 31 We also reject the Fund's argument that the five-year period for requesting a hearing begins to run either when the Form 3 claim against the employer is filed or when the employer's liability is adjudicated. There is no language in § 43(B) indicating that the time period for requesting a hearing is triggered by the adjudication of the employer's liability, but there is language in § 43(B) that the filing of a claim triggers the time period. In light of the purpose of the special indemnity statutes and the derivative nature of a claim against the Fund, we construe the language in § 43(B) "within five (5) years from the date of filing thereof" to mean within five years from the filing of the primary claim against the employer.

¶ 32 The filing of the primary claim is not, however, the only triggering event set out in Section 43(B). The statute provides an alternative triggering event, "**or** within five (5) years from the date of last payment of compensation" (bold added). We construe this language to mean a request for hearing a claim against the Fund will be timely if it is filed within five years after the last payment of compensation by the employer in the primary claim. In light of the purpose of the special indemnity statutes, the derivative nature of a claim against the Fund and the

remedial nature of § 43(B), we construe the statute as providing a which-ever-is-later alternative.

## VII. Conclusion

¶ 33 We conclude that the filing of the Form 3–f, now 3F, to initiate a proceeding against the Fund is not an event that marks the beginning of the time period within which a request for a hearing on a claim against the Fund may be filed. The events that mark the beginning of § 43(B)'s time period are the filing of the primary claim against the employer or the employer's last payment in the primary claim, whichever is later. In this case, the only triggering event that may allow claimant to proceed against the Fund is the date of employer's last payment.

¶ 34 It appears that claimant did not timely request a hearing on his claim against the Fund. This is so because as we calculate the 170 weeks of compensation ordered in the primary claim in the 1992 order, the employer's last payment would have been made in late November of 1995. However, the WCC did not make a finding as to the date of the employer's last payment in this case. The judgment roll would not be complete without the adjudication of the additional element of finding the last payment date. Accordingly, this case must be remanded to the court of first instance to make such a finding of fact. If the claimant failed to make a good faith request for a hearing on his claim against the Fund within five years from the date of employer's last payment, the WCC must dismiss the claim for want of prosecution as required by § 43(B).

**OPINION OF THE COURT OF CIVIL APPEALS VACATED; ORDER OF THE WORKERS' COMPENSATION COURT FILED FEBRUARY 2, 2006, REVERSED; CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

WINCHESTER, C.J., EDMONDSON, V.C.J., and HARGRAVE, OPALA, KAUGER, and TAYLOR, JJ., concur.

WATT, J., (by separate writing) concurs in part and dissents in part.

COLBERT, J., dissents.

REIF, J., disqualified.

WATT, J. concurring in part and dissenting in part.

¶ 1 I find little fault with the majority's interpretation of *85 O.S. Supp.1986 § 43* (B)[1] and its conclusion that the five year limitations period under the statute begins to run either from the date of the filing of a claim or from the date of the last compensatory payment. The issue was settled by *Special Indemnity Fund v. Carlile,* 1997 OK CIV APP 14, 939 P.2d 26, accorded precedential value pursuant to this Court's release of the opinion for publication in the official reporter.[2] *Carlile* holds, as does the majority opinion, that a claim filed under § 43(B) is timely when filed "less than five years from the date of filing of the claim or last payment of compensation."

¶ 2 I dissent to that portion of the opinion requiring remand for a factual determination of the date upon which the last compensatory payment was made. The uncontested and unquestioned facts demonstrate without doubt that: 1) the order awarding benefits was filed on July 29, 1992; 2) the maximum number of weeks for which compensation was awarded totaled 170 weeks; 3) under the order, the employer's last payment would have been made in November of 1995; and 4) no claim was filed against the petitioner, Multiple Injury Trust Fund, until April of 2005, some ten years after the last payment and five years outside the five year statutory limitation. There are no allegations that all payments were not made or that the payments were not made timely. Under these facts, the ordered remand for a factual deter-

mination on the date of last payment is a waste of judicial resources. I would vacate the Court of Civil Appeals' opinion and reinstate the trial tribunal's order.

---

1. Title 43 O.S. Supp.1986 § 43(B) providing: "When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore

filed and pending on the effective date of the Workers' Compensation Act before the State Industrial Court shall likewise be barred after the expiration of five (5) years from the filing date or within five (5) years from the date of last payment of compensation or wages in lieu thereof."

2. Title 20 O.S.2001 § 30.5; Rule 1.200(c)(2), Supreme Court Rules, 12 O.S.2001, Ch. 15, App.1; *Horvat v. State of Oklahoma, ex rel. Dept. of Corrections,* 2004 OK 52, ¶ 2, 94 P.3d 80; *West v. State ex rel. Oklahoma Tax Comm'n,* 1999 OK 12, ¶ 1, 979 P.2d 262.