## OKLAHOMA CITY et al. v. McWILLIAMS.

No. 15075—Opinion Filed May 12, 1925.

(Syllabus.)

1. **Municipal Corporations—Authority of City Attorney — Acceptance of Service and Confession of Judgment — Charter Provision.**

   A city charter which provides: "The city attorney shall be called municipal counsellor, and it shall be his duty to advise the board of commissioners, and each member thereof, and all heads of departments upon all law questions, and he shall give opinion in writing when requested, and shall represent the city as leading counsellor in all litigation in all courts for or against the city, and shall perform and render such other legal services in behalf of the city, its officers and employes as he may be directed by the board of commissioners"—held, that said municipal counsellor is without authority to accept service of summons and confess judgment against the city.

2. **Same—Invalidity of Judgment — Lack of Process.**

   A judgment against a municipal corporation rendered without service being had upon said municipal corporation as provided by section 243, Comp. St. 1921, and without service of summons being waived or accepted by anyone authorized to accept service or waive same, is invalid.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by A. W. McWilliams against Oklahoma City and the City Commissioners in a mandamus proceeding. Judgment for

plaintiff, and defendants appeal. Reversed and remanded.

John Frank Martin, D. B. Welty, R. E. Wood, and R. E. Lee, for plaintiffs in error.

L. D. Mitchell, for defendant in error.

CLARK, J. This action was instituted in the district court of Oklahoma county on the 2nd day of August, 1923, by the filing with the clerk of said court by the defendant in error, A. W. McWilliams, against the plaintiff in error a petition for mandamus. For convenience the parties will be referred to as they appeared in the lower court.

Plaintiff alleged in his petition that defendant Oklahoma City was a municipal corporation, operating under a commission form of government, and that the defendants O. A. Cargill, Warren E. Moore, Bob Parman, Joe S. Patterson, and William Vahlberg were duly elected, qualified, and acting city commissioners; and that the city of Oklahoma City is authorized, empowered, and required by the laws of the state of Oklahoma and the city charter of said city to pay and satisfy all judgments and demands lawfully obtained and existing against said defendant, Oklahoma City.

The plaintiff further alleged that the plaintiff, A. W. McWilliams, was duly elected, qualified, and acting justice of the peace in and for Oklahoma district, Oklahoma county, and state of Oklahoma.

Plaintiff further alleged that on the 20th day of November, 1922, certain persons then in the employ of defendant Oklahoma City as policemen obtained judgment in the justice court of A. W. McWilliams, plaintiff, against the defendant for salaries due said policemen; that each of said policemen filed a separate suit against the defendant; and that judgment was rendered in said cases in favor of the plaintiff and against the defendant Oklahoma City for the amount claimed by the plaintiff and for costs of said action, which costs in each case amounted to the sum of $2.75.

Plaintiff further alleged that after said judgment had been rendered, as aforesaid, in each of said cases, the defendant Oklahoma City settled and paid to each and every one of the plaintiffs in said cases, the amount of said judgment in his favor, as aforesaid, less the cost of suit; that the judgment for costs in each and every case remained unpaid; that said judgment for costs, nor any part thereof, has ever been paid or tendered to this plaintiff; and that the total amount of costs due under said judgments is $431.75; and that no appeal was ever taken from said judgments and the same have long since become final, and are now valid and existing judgments against the defendant Oklahoma City. A copy of said judgments was attached to plaintiff's petition and marked "Exhibit A."

Plaintiff further states that he has no adequate remedy at law whereby his rights in the premises may be preserved and enforced; but alleges that it is the absolute duty of the said defendants to pay the balance of said judgments to him out of funds of Oklahoma City. He further alleges that if there are no funds with which to pay said judgments, then it becomes the absolute legal duty of said defendants to levy a tax, or otherwise raise sufficient money with which to pay said judgments.

Plaintiff prays that a writ of mandamus issue immediately requiring and compelling said defendant Oklahoma City and said defendant commissioners to comply with the legal duty in the premises of paying in full to said plaintiff the total amount due him under said judgments, or if there are no funds available with which to pay said balance of said judgments and costs, that said defendants be required and compelled to otherwise raise sufficient money therefor, and for all such other and further relief as he may be entitled to in the premises.

On the 7th day of July, 1923, T. G. Chambers, judge of the district court of Oklahoma county, issued an alternative writ of mandamus to the defendants to pay said judgments and costs or to show cause why they do not pay said judgments, or levy a tax sufficient to pay the same, or otherwise raise sufficient money to pay same.

On the 17th day of August, 1923, the defendant Oklahoma City filed its answer to the petition of the plaintiff, same being a general denial, except defendant admitted that said defendant was a municipal corporation and that said named defendants were city commissioners of said city. Defendant further specifically denied that on the 20th day of November, 1922, or on any other date or any other time persons named as plaintiffs in justice court of A. W. McWilliams obtained the judgments or any judgments for any sum or sums whatsoever in the justice court of A. W. McWilliams; but alleged and stated the facts to be that the judgments for costs as shown in "Exhibit A" to plaintiff's petition are erroneous, fraudulent, and void, for the reason that no summons was issued, no service was made, and no appearance made by the defendants in any of said cases.

Defendants, further answering, state the facts to be that said cases, as shown by the plaintiff's "Exhibit A," were filed by the plaintiff in his justice of the peace court without authority from any of the defendants, and that this plaintiff did not require of any of said plaintiffs' named in the justice court that they make a deposit for cost as required by law. And the defendants, having fully answered, pray that the writ of mandamus be denied and that they go hence with their costs.

This cause came on for hearing and trial on the 17th day of August, 1923; a jury was waived and said cause was tried to the court.

The court found that plaintiff was entitled to the relief prayed for in his petition and that a peremptory writ of mandamus should issue, except that the amount of plaintiff's claim should be reduced to the sum of $353.25. The court further ordered the said defendants, the said board of city commissioners of Oklahoma City, state of Oklahoma, to pay to said plaintiff forthwith and immediately upon receipt of this writ, or cause to be paid to him, by proper warrant the said sum of $353.25 out of the proper fund from which judgments are paid, or if there are no funds from which this judgment can be paid, then made the proper levy as provided by law with which to pay said judgments.

To the giving of which judgment the defendant, in open court, excepted, and gave notice of appeal to the Supreme Court of the state of Oklahoma, as required by law. And in due time an appeal was perfected to this court.

It is the contention of the defendant Oklahoma City that the proceedings before the justice of the peace court were insufficient to give said justice of the peace jurisdiction of the defendant, Oklahoma City, for the reason that no summons was served in said justice court, no waiver nor authorized appearance made by the said city through any officer duly authorized to waive summons or make voluntary appearance.

In the trial of this case the following stipulation was entered into:

"It is hereby stipulated and agreed by and between counsel for plaintiff and defendant that the city commissioners never authorized the municipal counsellor or his assistants to enter an appearance for the city in the justice court of A. W. McWilliams in any of the cases shown by Exhibit 'A' to the plaintiff's petition; that he was not authorized by a resolution or other proceedings of the commissioners to confess judgment in said cases or in any of them; and that there was no summons issued in any of said 157 cases, no service had, and that there was no special ordinance or resolution passed by the city commissioners authorizing the municipal counsellor to confess judgment in said cases."

The plaintiff introduced in the evidence a judgment rendered in the justice court against the city, and stipulated it was the same in the 157 cases in which the justice of the peace contends that the city is liable to him for costs. The journal entry of judgment reads as follows:

"Now on this the 20 day of Nov., 1922, the above cause came on to be heard, and the plaintiff appeared by his attorneys, Giddings & Giddings, and the defendant having waived the issuance and service of summons to save costs and because the accounts sued on are correct, due, just and unpaid, and the said defendant appearing by its municipal counsellor, C. H. Ruth, then and there the duly appointed, qualified, and acting city attorney of said defendant municipal corporation, and confessed that the claim of plaintiff had been duly presented to the board of city commissioners of said city, on or about the 28th day of November, 1922, and disallowed by the said commission through two of said commissioners, Bob Parman and Warren E. Moore, voting against its payment, there then and there being only four of said commissioners present out of the five commissioners then and there elected and acting in said city; and the court after hearing the evidence and being fully advised in the premises finds for the plaintiff in the sum of $75, said being for personal services earned by plaintiff as police officer of and for said city during the last ninety (90) days from this date. At said proceedings in open court defendant waives the right of and to appeal, stating then and there, there is no defense to said claim and that defendant should not, therefore, be burdened with the heavy and additional expenses of appeal.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff have and recover of the defendant, the said City of Oklahoma City, a municipal corporation, the sum of $75, together with interest at the legal rate of six per cent. per annum from the 30th day of November, 1922, and for costs taxed at $1.75, said judgment hereby rendered being according to the laws of the state of Oklahoma in full force and effect governing municipal corporations in said state.

"For all of which let execution issue.
              "A. W. McWilliams,
                   "Justice of the Peace."

The record fails to disclose that in the

justice court of A. W. McWilliams any service of summons was had upon the city or that anyone authorized to accept service had accepted the same. The journal entry of judgment, supra, does not state that said city by its municipal counsellor, C. H. Ruth, accepted service, but does show that he appeared and confessed judgment.

The provisions of the city charter of Oklahoma City provides:

"The city attorney shall be called municipal counsellor, and it shall be his duty to advise the board of commissioners, and each member thereof, and all heads of departments upon all law questions, and he shall give opinion in writing when requested, and shall represent the city as leading counsellor in all litigation in all courts for or against the city, and shall perform and render such other legal services in behalf of the city, its officers and employes, as he may be directed by the board of commissioners."

In construing the city charter and the authority given municipal counsellor by said city charter, we do not find anything in said charter, nor has any provision of said charter been called to our attention, which permits or authorizes the municipal counsellor to accept service of summons or enter appearance of the city and confess judgment. It is true he is authorized to represent the city in all litigation in all courts for or against the city, but where there is no valid service there could be no case against the city; the court must first acquire jurisdiction before the municipal counsellor would have authority to confess judgment.

The rule is laid down in 28 Cyc., page 1764:

"* * * The corporation counsel has no larger powers to bind his client than those connected with the ordinary relation of attorney and client, and he cannot waive the issuance and service of process so as to give jurisdiction by his mere appearance. * * *"

McQuillin, Municipal Corporations, vol. 5, page 5183, section 2496:

"Statutory provisions relating to the manner of service on private corporations, or private persons, are usually held not to apply to municipal corporations."

Section 242, Comp. St. 1921, provides:

"An acknowledgment on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

Section 243, Comp. St. 1921, provides:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

We are, therefore, of the opinion that the municipal counsellor, not being a proper officer of the corporation on whom service of summons could be had, was without authority to accept the same, and the board of city commissioners, being the governing power of the city, duly elected and qualified to transact the business of the city, had the exclusive authority to confess judgment against said city, and only then in the absence of collusion or fraud. Chicago, B. & Q. R. R. Co. v. Hitchcock County et al. (Neb.) 84 N. W. 97.

It is further contended by the defendants in error that the plaintiff in error Oklahoma City purchased said judgments from the several plaintiffs in the justice court and that the same was paid out of the sinking fund of said city, and that, having recognized said judgments as valid and paying the same without paying the costs, said city is now estopped from denying the validity of said judgments.

With this contention we cannot agree. The purported judgment in the justice court was void and of no effect, and no action of the city commissioners in recognizing the same could make valid and binding the judgments in the justice court, having been rendered without service of summons on the defendant and without a waiver of said service by anyone authorized to waive service for said city, and without any resolution or ordinance passed by said city commissioners authorizing the municipal counsellor or his assistants to enter appearance for the city, waive service of summons, and confess judgment.

We, therefore, must conclude that the judgment of the trial court is contrary to law, and that the court erred in rendering judgment for plaintiff.

The cause is reversed and remanded, with directions to the trial court to enter judgment for the defendants denying said writ.

NICHOLSON, C. J., and BRANSON, MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur; HARRISON, J., not participating.

Note.—See under (1) 28 Cyc. p. 585 (1926 Anno). (2) 28 Cyc. pp. 1762, 1763.