2005 OK CIV APP 17

**Ira WILLIAMS, Petitioner,**

v.

**NOVA STORE SYSTEMS, L.L.C. and Compsource Oklahoma and the Workers' Compensation Court, Respondents.**

**No. 100,582.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 9, 2004.

Certiorari Denied Feb. 22, 2005.

Joe Farnan, Purcell, OK, for Petitioner.

Michael G. Coker, Oklahoma City, OK, for Respondents.

ADAMS, Judge.

¶1 In 1991, Ira Williams, Claimant, suffered a job-related injury and was adjudicated with 6% permanent partial disability (PPD) to the left hand. In 1994, Claimant sustained an on-the-job injury to his neck and back and was adjudicated at 34% PPD to the body. Both injuries were sustained by Claimant while working for employers other than Respondent. On September 11, 2000, while working for Respondent, Nova Store Systems, L.L.C. (Employer), Claimant injured his neck and back. For those injuries, Claimant was adjudicated at 32% PPD to the body. Based upon the combination of his last injuries with his pre-existing PPD, Claimant initiated the instant proceedings to secure permanent total disability (PTD) or, in the alternative, a material increase in PPD.

¶2 The Workers' Compensation Court denied Claimant's claim for PTD on the merits. The court also denied his claim for additional PPD, holding the law in effect on the date of Claimant's injury, 85 O.S. Supp.2000 § 172, does not provide for a material increase in PPD. A three-judge panel of the Workers' Compensation Court (Panel), by a two-to-one vote, affirmed the lower court's ruling. From said order, Claimant seeks review by this Court.

¶3 Employer concedes the medical evidence is sufficient to support an award of additional PPD benefits if such were sanctioned under § 172. Thus, the issue in this proceeding is whether § 172 authorizes compensation to a claimant for anything less than PTD. Because this issue presents a question of law, a *de novo* review standard applies. *Tibbetts v. Sight 'n Sound Appliance Centers, Inc.,* 2003 OK 72, 77 P.3d 1042. For the reasons set forth below, we hold that it does not and sustain the Panel's order.

¶4 Sections 171–176 of Title 85, entitled "Subsequent Injury to Physically Impaired Persons," were enacted in 1943. Section 171 established who was a physically impaired person under the Act. Section 172 provided for compensation for additional disability, limited the liability of the employer and provided for payment of additional compensation from the Special Indemnity Fund, later renamed the Multiple Injury Trust Fund (Fund). The remaining sections established and provided for the administration of the Fund. The Fund was established "to relieve employer hesitation to hire workers who suffered previous impairment by assuring employers that they would not be responsible for the combination of old and new disabilities." *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, ¶ 7, 38 P.3d 213, 214. Under the legislation, claimants who qualified could make claims for PTD *and* for PPD.

¶5 Effective November 1, 1999, the Legislature began the "dissolution of the Fund" with an amendment to § 172. *Autry,* 2001 OK 79, ¶ 8, 38 P.3d at 215.

> Under the amendment, "[f]or actions filed after October 31, 1999," a combination of disabilities resulting in permanent partial disability would result in employer responsibility only for the disability caused by the subsequent injury. Nor would the employee receive any additional compensation for the combined disability from the Fund. *Thus, the disabled worker now bore the responsibility for any material increase in permanent partial disability resulting from the combination of disabilities.*

*Autry,* 2001 OK 79, ¶ 9, 38 P.3d at 215–6 (Citations omitted, emphasis added.)

¶6 "[T]he dissolution [of the Fund] was completed" when the Legislature enacted the current version of § 172 in 2000. *Autry,* 2001 OK 79, ¶ 10, 38 P.3d at 216. The 2000 amendments ended the PTD liability of the Fund. "The 2000 amendment also shifted liability for a material increase in disability caused by a combination of injuries resulting in permanent total disability to the subsequent employer." *Autry,* 2001 OK 79, ¶ 10, 38 P.3d at 217. With this historical perspective of the Act in mind, we now turn to the issue at bar.

¶7 The current version of § 172(B)(2), which took effect May 26, 2000, provides:

> For actions in which the subsequent injury occurred on or after June 1, 2000, if

such combined disabilities constitute permanent total disability, as defined in Section 3 of this title, then the claimant shall receive full compensation as now provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the claimant shall receive full compensation for the combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable for the degree of percent of disability which would have resulted from the subsequent injury. if there had been no preexisting impairment and for any material increase resulting from the combination of such injuries. Payment for the degree of disability resulting from the material increase in disability resulting from the combination of injuries may be paid in periodic installments or may be commuted to a lump-sum payment upon agreement of the claimant and the employer or insurance carrier for the employer. The compensation rate for permanent total awards resulting from a combination of injuries shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards resulting from a material increase in disability resulting from a combination of injuries shall be payable for a period of fifteen (15) years or until the claimant reaches sixty-five (65) years of age, whichever period is the longer. Such awards shall be paid from the date the court order finding the claimant to be permanently and totally disabled is filed.

¶ 8 "The primary goal of statutory construction is to ascertain and follow the intention of the Legislature." *City of Tulsa . v. State ex rel. Public Employees Relations Board,* 1998 OK 92, ¶ 14, 967 P.2d 1214, 1220. Claimant asserts the Workers' Compensation Act "is to be liberally construed in favor of the workers it is intended to benefit." *Phillips v. Duke Manufacturing, Inc.,* 1999 OK 25, ¶ 6, 980 P.2d 137, 139. We find, however, that § 172(B)(2) was not intended to bestow benefits upon injured workers who suffer a material increase in PPD resulting from a combination of disabilities.

¶ 9 As previously set forth, benefits for PPD resulting from a combination of disabilities were extinguished by the 1999 amendment of § 172. *Autry,* 2001 OK 79, ¶ 9, 38 P.3d at 216. We also note the first sentence of the current version of § 172(B)(2) explicitly states the provision applies *"if . . . combined disabilities constitute permanent total disability."* (Emphasis added.) Notwithstanding the history of § 172 and this explicit statutory language, Claimant urges the 2000 provision resurrected benefits for a material increase in PPD. His argument is premised upon the following language in § 172(B)(2): "The employer shall be liable for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment *and for any material increase resulting from the combination of such injuries."* (Emphasis added.)

¶ 10 Legislative intent is generally "ascertained from the whole legislative act in light of its general purpose and object." *City of Tulsa,* 1998 OK 92, ¶ 14, 967 P.2d at 1220. Furthermore, legislative history is instructive in ascertaining the scope of a statute. *Lekan v. P & L Fire Protection Co.,* 1980 OK 56, 609 P.2d 1289. Rather than accepting Claimant's argument that the highlighted language somehow resurrected PPD benefits, we hold the language merely clarifies the percentage of PTD liability to be borne by the employer. The statute clearly states an employer is not liable for a preexisting impairment. Rather, under the statute, the employer is liable (1) for the degree of percent of disability attributable to the subsequent injury and (2) for any material increase in disability resulting from the combination of the former and subsequent injuries which, pursuant to the initial sentence of the provision, "constitute permanent total disability." Any material increase in disability caused by a combination of injuries that does not amount to PTD is not compensable under the Act. Stated otherwise, benefits pursuant to § 172(B)(2) are limited to claimants whose "combined disabilities constitute permanent total disability." This conclusion is supported by both the clear language of

the statute and by the statute's legislative history.[1]

¶11 On the basis of the foregoing and after *de novo* review, we sustain the order of the Panel.

SUSTAINED.

JOPLIN, J. (sitting by designation), and BUETTNER, V.C.J./P.J., concur.

1. In reaching this conclusion, we accord no weight to Employer's citation of "House Resolution 1046 dated 13th day of April, 2004" as support for the proposition that the Legislature intended the amended § 172 to extinguish claims for anything less than PTD. "[C]onstruction of existing laws is a judicial and not a legislative function.... The legislature has no power to direct the judiciary in the interpretation of existing statutes." *Stephens Produce Company v. Stephens,* 1958 OK 277, ¶ 13, 332 P.2d 674, 677.