2005 OK CIV APP 110

**AMERICAN AIRLINES and American Home Assurance, Petitioners,**

v.

**Thomas R. LEE, and The Workers' Compensation Court, Respondents.**

**No. 101,473.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 13, 2005.

Rehearing Denied Nov. 23, 2005.

Patrick S. Parr, Pierce Couch Hendrickson Baysinger and Green, L.L.P., Tulsa, OK, for Petitioners.

James E. Lowell, Tulsa, OK, for Respondents.

Opinion by BAY MITCHELL, Judge.

¶1 Petitioners American Airlines and American Home Assurance (collectively "Employer") appeal from an order of the Workers' Compensation Court awarding a 1% material increase in disability benefits caused by the combination of injuries. Employer contends this order is erroneous as a matter of law because 85 O.S. Supp.2000 § 172 only allows monetary awards for permanent total disability (PTD), and the evidence was undisputed that Claimant Thomas R. Lee was only permanently partially disabled (PPD) after the material increase in disability. We agree that for injuries occurring after June 1, 2000, the 2000 amendment to § 172 does not allow awards for PPD.

¶2 The evidence was undisputed that Claimant had a previous injury to his right knee and to his right shoulder. Claimant then filed a claim for a single event injury to his right knee that occurred while he was employed by Employer on December 9, 2002.

7. *State ex rel.* CLARENCE W. PENDLEY, Plaintiff, vs. POTTAWATOMIE COUNTY ASSESSOR, Defendant.

On November 25, 2003, the court found Claimant had sustained 15% PPD to his right leg (knee), over and above his pre-existing 9% disability to the right leg. Claimant then filed a Form 3–E asking for a material increase of permanent partial disability against American Airlines due to the combined injuries to his right leg (knee) and to his right shoulder. The Workers' Compensation Court denied Employer's objection to an award of a material increase to PPD under § 172, and found Claimant was a previously impaired person based on his two prior injuries. The court then combined these injuries with Claimant's December 9, 2002 injury, and awarded a material increase of PPD in the amount of 1%.

¶ 3 The only issue in this case is whether the 2000 version of § 172(B)(2) authorizes the Court to award Claimant a material increase in permanent partial disability, or whether the statute only allows awards for permanent total disability.[1] A question of law involving statutory interpretation is subject to *de novo* review. *Casey v. Casey,* 2005 OK 13, ¶ 7, 109 P.3d 345, 348. The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. *City of Tulsa v. State ex rel., Public Employees Relations Bd.,* 1998 OK 92, ¶ 14, 967 P.2d 1214, 1220. The plain meaning of statutory language is conclusive except in rare cases where it will produce a result clearly at odds with the Legislature's intent. *Id.*

¶ 4 Employer contends 85 O.S. Supp.2000 § 172(B)(2) only allows compensation for permanent total disability, and the court erred by awarding benefits for a material increase in PPD. Based on the plain language of this statute and the legislative history of the Multiple Trust Fund, we agree. This statute provides:

For actions in which the subsequent injury occurred on or after June 1, 2000, *if such combined disabilities constitute permanent total disability,* as defined in Section 3 of this title, then the claimant shall receive full compensation as now provided by law for the disability resulting directly and

specifically from the subsequent injury. In addition, the claimant shall receive full compensation for the combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment and for any material increase resulting from the combination of such injuries. Payment for the degree of disability resulting from the material increase in disability resulting from the combination of injuries may be paid in periodic installments or may be commuted to a lump-sum payment upon agreement of the claimant and the employer or insurance carrier for the employer. *The compensation rate for permanent total awards resulting from a combination of injuries shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards resulting from a material increase in disability resulting from a combination of injuries shall be payable for a period of fifteen (15) years or until the claimant reaches sixty-five (65) years of age, whichever period is the longer. Such awards shall be paid from the date the court order finding the claimant to be permanently and totally disabled is filed.*

85 O.S.2000 § 172(B)(2) (emphasis added).

¶ 5 The first sentence limits this section to "combined disabilities [that] constitute permanent *total* disability ..." (emphasis added). If the combined disabilities only constitute PPD, there is no authority in § 172(B)(2) to award any benefits. For PTD, however, this provision specifies that the Claimant is awarded full compensation for the disability from the latest injury as well as for the combined disability. This provision then limits the employer's liability by explaining for which benefits they will be liable. The remainder of this section describes how the rate for the PTD is to be

1. The 2005 amendment to § 172 is not relevant to this opinion because Claimant's most recent injury occurred on December 9, 2002.

calculated, as well as how and when payments for PTD are to be made. In addition, several sentences specify that this provision governs PTD. However, nothing in this section allows for the payment of PPD benefits.

¶ 6 This precise issue has previously been addressed in a well-reasoned opinion by this Court, *Williams v. Nova Store Systems, L.L.C.*, 2005 OK CIV APP 17, 109 P.3d 356, *cert. denied.* In *Williams*, the court discussed at length the history of the Multiple Injury Trust Fund, and the steps taken by the Legislature, beginning in 1999, to dissolve the Fund. *Id.*, ¶¶ 4–6, 109 P.3d at 357. The court emphasized that the 1999 amendment extinguished PPD benefits, and further emphasized that the first sentence of the 2000 amendment explicitly limited those benefits to combined disabilities that "constitute *permanent total disability.*" *Id.*, ¶ 9, 109

P.3d. at 358. Based on the clear statutory language in § 172(B)(2) and its legislative history, the court held that any material increase in disability not resulting in PTD is not compensable under the 2000 amendment to that statute. *Id.*, ¶ 10, 109 P.3d at 358–59. We agree with the analysis in *Williams*, and hold there is no compensation in § 172(B)(2) for PPD.

¶ 7 VACATED.

ADAMS, P.J., and BELL, J., concur.