2007 OK 37

**ST. JOHN MEDICAL CENTER,**
Petitioner,

v.

**Sarah BILBY and Workers'
Compensation Court,**
Respondent.

**No. 101,150.**

Supreme Court of Oklahoma.

May 22, 2007.

John N. MacKenzie, Mackenzie and Whitten, Tulsa, OK, for petitioner.

Gus Farrar, Farrar & Farrar, P.C., Tulsa, OK, for respondent.

TAYLOR, J.

¶ 1 The dispositive question before this Court is whether the Legislature, pursuant to its 2000 amendments to title 85, section 172(B) of the Oklahoma Statutes, intended to allow a benefit for an increase in permanent partial disability resulting from a combination of injuries for actions filed after May 31, 2000. We answer in the negative.

## I. STANDARD OF REVIEW

¶ 2 We are presented with a question of statutory construction. Statutory construction presents a question of law which is subject to *de novo* review. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶ 8, 37 P.3d 899, 903–904. Such review is plenary, independent, and non-deferential. *Id.*

## II. FACTS

¶ 3 The background facts are uncontested. Sarah Bilby (Claimant) was an employee of St. John Medical Center (Employer) when she suffered a work-related injury on July 28, 2001. She filed her claim in the Workers' Compensation Court on February 12, 2002. For the July 28, 2001, injury, Claimant was awarded permanent partial disability. The order making this award is not part of this appeal. Subsequently, the Workers' Compensation Court found her to be a previously impaired person and to be entitled to additional benefits for a ten percent material increase in permanent partial disability which resulted from combining the July 28, 2001, injury with her previous injuries. On August 13, 2004, the court awarded her additional benefits based on the material increase and ordered that the payments begin on the date the order was filed. Employer's appeal of the August 13, 2004, order is before us.

¶ 4 On appeal, Employer argues that benefits for a material increase in permanent partial disability are not allowed to Claimant under the 2000 amendments, 2000 Okla. Sess. Laws ch. 248, § 12 (codified at 85 O.S.2001, § 172 ), and that the award is contrary to title 85, section 172(B)(2) of the 2001 Oklahoma Statutes. Employer also argues that the Workers' Compensation Court erred in ordering that the payments begin on the date of the order's filing. The Court of Civil Appeals initially agreed with Employer on the issue of the availability of benefits for a material increase in permanent partial disability but, on rehearing, reversed its position and sustained the Workers' Compensation Court's award.

¶ 5 The Court of Civil Appeals' opinion in the present case is contrary to the Court of Civil Appeals' opinions in *American Airlines v. Lee*, 2005 OK CIV APP 110, 126 P.3d 679, and *Williams v. Nova Store Systems, L.L.C.*, 2005 OK CIV APP 17, 109 P.3d 356. For this reason, we granted the petition for certiorari.

## III. DOES 85 O.S.2001, § 172 ALLOW AN AWARD OF BENEFITS FOR A MATERIAL INCREASE IN PERMANENT PARTIAL DISABILITY?

¶ 6 We are called upon to construe title 85, section 172 of the 2001 Oklahoma Statutes. The primary goal in construing a statute is to give effect to the legislative intent. *Winston v. Stewart & Elder, P.C.*, 2002 OK 68, ¶ 12, 55 P.3d 1063, 1068. When statutory language is unambiguous, no further construction is needed, and the unambiguous language will be applied as written. *Id.* Notwithstanding, if a strict, literal construction leads to an inconsistent or incongruent result between provisions, this Court will utilize rules of statutory construction to reconcile the discord and ascertain the legislative intent. *State ex rel. Okla. State Dept. of Health v. Robertson*, 2006 OK 99, ¶ 6, 152 P.3d 875, 878. In determining legislative intent, this Court will not limit consideration to one word or phrase but will consider the context of the ambiguous provision. *Id.* at ¶ 7, 152 P.3d at 878.

¶ 7 Title 85, section 172 addresses additional compensation over that awarded for an immediate injury. We addressed some of the history of the Workers' Compensation Act, particularly section 172, in *Autry v. Multiple Injury Trust Fund,* 2001 OK 79, ¶¶ 7–10, 38 P.3d 213, 216–217. A review of this history is helpful in understanding the legislative intent in the 2000 amendments.

¶ 8 In 1943, the Legislature established the Special Indemnity Fund (Fund)[1] to alleviate employers' anxiety that they would be responsible for a previous injury to a potential employee as well as being responsible for any new work-related injury. *Autry,* 2001 OK 79 at ¶ 7, 38 P.3d at 216; *see* 1943 Okla. Sess. Laws 259 (codified at 85 O.S.Supp.1943, § 172 ). Thus, under the 1943 legislation, an employer was responsible only for an immediate injury but not for previous injuries. *Id.* The Fund compensated an employee for a material increase in disability caused by the combination of the immediate injury and previous injuries, both for permanent partial disability and permanent total disability. *Id.*

¶ 9 In 1999, the Legislature's amendment to section 172 marked the beginning of the Fund's dissolution. *Autry,* 2001 OK 79 at ¶ 8, 38 P.3d at 216; *see* 1999 Okla. Sess. Laws ch. 420, § 8. Under the 1999 amendments, for actions filed after October 31, 1999, an employee did not receive any compensation from either the Fund, the employer, or the employer's insurer for increased disability from combined injuries resulting in permanent partial disability. 85 O.S.Supp. 1999, § 172 (A)(2)(b)-(c).

¶ 10 Section 172 was again amended in 2000. 2000 Okla. Sess. Laws ch. 248, § 12 (codified at 85 O.S.2001, § 172 ). The 2000 amendments expressly provided that, for actions filed after June 1, 2000, an employer bears the responsibility for the increase in disability caused by a combination of current and past injuries if the combined injuries result in permanent total disability. *Id.* However, the Legislature did not expressly define the employer's responsibility if the combined disability resulted only in permanent partial disability. This failure is the basis for this appeal and for the conflicting Court of Civil Appeals' opinions.

¶ 11 Because the 2000 amendments apply here, we need not focus on the 2005 amendments to section 172.[2] All further references to section 172 are to the 2000 legislation unless otherwise noted.

¶ 12 Since 1978, subsection 172(B) has covered combined disability resulting in permanent total disability, and subsection 172(A) has covered combined disability resulting in permanent partial disability. 1977 Okla. Sess. Laws ch. 234, § 53 (effective July 1, 1978). Under the 2000 amendments, for actions filed before November 1, 1999, a claimant was allowed to recover compensation from the Fund for the increased disability caused from combined injuries resulting in permanent partial disability. 85 O.S.2001, § 172 (A)(1)-(2). Under the same amendments, for actions filed between November 1, 1999, and May 31, 2000, a claimant was not compensated for the increased disability by either the employer, its insurance carrier, or the Fund when a combined disability resulted in permanent partial disability. *Id.* § 172(A)(2)(b). Subsection 172(A) does not address actions filed after May 31, 2000. Nothing in subsection 172(A) under the 2000 amendments allows a benefit for the material increase in disability caused from two separate injuries which result in a combined permanent partial disability for actions filed after May 31, 2000. Because any workers' compensation benefit allowance must be statutorily given, *Strong v. Laubach,* 2004 OK 21, ¶ 10, 89 P.3d 1066, 1070, Claimant is not entitled under the 2000 amendments of section 172(A) to compensation for the increase in disability as her claim was filed on February 12, 2002.

¶ 13 Rather than rely on subsection 172(A), Claimant relies on subsection 172(B) as providing additional benefits for the increased permanent partial disability caused by the combination of her current injury and previous injuries. Title 85, subsection

---

1. Later renamed Multiple Injury Trust Fund. 1999 Okla. Sess. Laws ch. 420.

2. Amended by 2005 Okla. Sess. Laws ch. 1, § 28 (First Extraordinary Session).

172(B)(2) of the 2001 Oklahoma Statutes provides:

> For actions in which the subsequent injury occurred on or after June 1, 2000, if such combined disabilities constitute permanent total disability, as defined in Section 3 of this title, then the claimant shall receive full compensation as now provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the claimant shall receive full compensation for the combined disability, as above defined, all of which shall be computed upon the schedule and provisions of the Workers' Compensation Act. *The employer shall be liable for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment and for any material increase resulting from the combination of such injuries.* Payment for the degree of disability resulting from the material increase in disability resulting from the combination of injuries may be paid in periodic installments or may be commuted to a lump-sum payment upon agreement of the claimant and the employer or insurance carrier for the employer. The compensation rate for permanent total awards resulting from a combination of injuries shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards resulting from a material increase in disability resulting from a combination of injuries shall be payable for a period of fifteen (15) years or until the claimant reaches sixty-five (65) years of age, whichever period is the longer. Such awards shall be paid from the date the court order finding the claimant to be permanently and totally disabled is filed.

(Emphasis added). The Claimant asserts that the emphasized language provides an allowance for a material increase not only when the combined injuries result in permanent total disability but also when they result in permanent partial disability.

¶ 14 Applying rules of statutory construction by reading the relied upon provision in context, we discern the Legislature's intent to be that subsection 172(B) allows compensation for increased disability only when the combined injuries result in permanent total disability. Permanent total disability and permanent partial disability are treated under separate subsections of section 172. Considering the context of the relied upon language, *i.e.* that in subsection 172(B) which traditionally deals only with permanent total disability, we conclude that the Legislature must have intended that only permanent total disability be compensated and that the relied upon language not apply to permanent partial disability from combined injuries. Had the Legislature intended for a claimant who is permanently partially disabled to receive compensation for the increase in disability for combined injuries, it would have included such a provision in subsection 172(A) which specifically deals with permanent partial disability.

¶ 15 Further, subsection 172(B), which contains the sentence relied upon by Claimant, begins by explicitly stating that it is addressing "combined disabilities constitut[ing] permanent total disability." The sentence immediately preceding the one relied upon by Claimant states: "In addition, the claimant shall receive full compensation for the combined disability, as above defined. . . ." "The combined disability, as above defined," refers to disability resulting in permanent total disability. The sentence relied upon by Claimant follows and imposes responsibility on the employer "for any material increase resulting from the combination *of such injuries.*" Because *"of such injuries"* closely follows language addressing combined injuries resulting in permanent total disability, the Legislature must have intended the employer to be responsible for increased disability resulting in permanent total disability and not increased disability resulting in permanent partial disability.

¶ 16 Claimant relies on subsection 172(B)'s provision which allows a lump-sum payment for the increased disability for the combined injuries. She posits that allowing a lump-sum payment is counter to title 85, subsection 41(B), which provides: "Total permanent disability awards shall not be commuted to a lump-sum payment." We disagree. Subsec-

tion 41(B) applies not to an award for an increase from combined disability but to an award for a single injurious incident. Subsection 172(B) allows only the payment for the increase in disability to be commuted to a lump-sum payment and addresses only disability from combined injuries. These two provisions are not inconsistent.[3]

## VI. CONCLUSION

¶17 We conclude that the Legislature did not intend the provision in subsection 172(B) upon which Claimant relies to apply to permanent partial disability. Claimant's position is only tenable when the relied upon sentence in title 85, subsection 172(B) is taken out of context and read in isolation. The Legislature's failure to include compensation for permanent partial disability from combined injuries in the 2000 amendments to subsection 172(A) results in the placement of financial responsibility on Claimant for her increased disability caused by combined inju-

ries which resulted in permanent partial disability. The Court of Civil Appeals' opinion and Workers' Compensation Court's order are vacated. The cause is remanded to the Workers' Compensation Court for further proceedings consistent with this opinion.

COURT OF CIVIL APPEALS' OPINION VACATED; WORKERS' COMPENSATION COURT'S ORDER VACATED AND CAUSE REMANDED.

WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, OPALA, WATT, TAYLOR, COLBERT, JJ., concur.

KAUGER, J., concurs in result.

---

**3.** In one sentence, 85 O.S.2001, § 172 (B) refers to permanent partial disability. This sentence provides: "The compensation rate for permanent total awards resulting from a combination of injuries shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury." This sentence does not provide for compensation for permanent partial disability but only sets a rate for permanent total awards for combined injuries.