2008 OK CIV APP 69

### In re Detachment of Municipal Territory from the CITY OF CHOCTAW.

**City of Choctaw, Appellant,**

v.

**Jorco II, L.L.C., Appellee.**

**No. 104,679.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 26, 2008.

---

**630**

Ted N. Pool, Raymond A. Vincent, Pool Blankenship & Vincent, Oklahoma City, OK, for Appellant.

David H. Cole, Nevin R. Kirkland, Edmonds, Cole, Hargrave, Givens, Ryan & Woodson, Oklahoma City, OK, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 Appellant, City of Choctaw (City), seeks review of the trial court's orders that (1) entered a default judgment against City invalidating City's refusal to detach, from City limits, certain property owned by Appellee, JORCO II, L.L.C. (Jorco), and (2) denied City's motion to vacate the default judgment. For the following reasons, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 On February 2, 2007, Tom Jordan (Jordan), sole owner of Jorco, filed a district court petition which requested an order invalidating City's refusal to detach certain Jorco property from City's municipal limits. The petition alleged Jorco had previously filed a petition ("the municipal detachment petition") with City pursuant to 11 O.S.2001 § 21–110 seeking detachment of the property, but that City had denied the request. The petition recited that "[n]otice of this filing will be served upon the Mayor of the City of Choctaw together with a Notice of the time and place" for hearing the petition.

¶ 3 The next item appearing in the record after the district court petition is a document entitled "Findings of Fact, Conclusions of Law and Order of Judgment" (Judgment). This document was filed on March 7, 2007, and, among other things, found that: (1) City was served with notice of the hearing on Jorco's district court petition on February 21, 2007, and that "[s]uch service was appropriate pursuant to 11 O.S. §§ 21–106 and 22–103 and 12 O.S. § 2005"; (2) City had failed to appear for the hearing on March 7, 2007, and was in default; and (3) the evidence failed to show "any useful municipal reason for denying" Jorco's municipal detachment petition, and City had "exceeded the scope of its legislative authority under 11 O.S. § 21–101, *et seq.*," because City's failure "to assume its burden of going forward with the evidence" resulted in a "failure of proof on the issue of reasonableness" and "deprive[d] City of the required legal support for a judicial declaration of validity" of its refusal to detach the property.

¶ 4 The record includes a postal service "green card" receipt indicating that the petition and notice of hearing were sent by certified mail to "Randy Ross, Mayor, City of Choctaw," but was not made "restricted delivery." The green card receipt reflects the handwritten signature of "Lane Ross," followed by the printed name, "Vicky Beitz,"

with neither the "agent" nor "addressee" box checked.

¶ 5 Within ten days after the order was entered, City filed a lengthy motion to vacate, appearing specially and arguing that it was not properly served with Jorco's district court detachment petition and hearing notice. Attached to City's motion was an affidavit from City's manager, Robert Floyd, stating that City had not received notice of the district court petition and that Floyd personally was unaware of it; that City had experienced "numerous problems" with regard to mail delivery; and that on February 13, 2007, Floyd gave his deposition in another case between City and Jorco, concerning the same property, and Jorco's attorneys had not mentioned the filing of the district court detachment petition or setting of hearing on same.[1] Floyd's affidavit also stated he had examined the certified mail green card receipt addressed to City's mayor, and denied that the receipt was signed by a City employee or anyone authorized to receive mail on City's behalf. Indisputably, the "Lane Ross" who signed the return receipt is the wife of City's mayor.

¶ 6 On April 26, 2007, the trial court entered an order denying City's motion to vacate. City now appeals, seeking review of the order denying its motion to vacate as well as the default judgment invalidating its denial of Jorco's municipal detachment petition.

### STANDARD OF REVIEW

■ ¶ 7 A trial court's order granting or denying a motion to vacate is reviewed for abuse of discretion. *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, 987 P.2d 1185; *Kordis v. Kordis*, 2001 OK 99, 37 P.3d 866. To reverse a trial court on the grounds of abuse of discretion, we must find that the trial court made a clearly erroneous conclusion and judgment, contrary to reason and the evidence. *Abel v. Tisdale*, 1980 OK 161, 619

P.2d 608.[2] However, in this case, one issue on appeal concerns the construction of state statutes regarding service of notice on City, an issue of law, which we review *de novo*, or without deference to the trial court's decision. *St. John Med. Ctr. v. Bilby*, 2007 OK 37, 160 P.3d 978.

### ANALYSIS

■ ¶ 8 In *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 2000 OK 78, 13 P.3d 480, the Oklahoma Supreme Court held that a trial court abused its discretion when it refused to vacate a default judgment, entered after service of process was sent by certified mail but "refused" by a person who was not authorized to receive the mail. The Court found that, because the judgment roll did not reflect that the defendant was personally served or that the statutory procedure for service by certified mail was followed, the trial court lacked *in personam* jurisdiction over the defendant and the judgment should have been vacated. *Id.* at ¶¶ 13–15, 13 P.3d at 483–84. *See also, Okla. City v. McWilliams*, 1925 OK 375, 108 Okla. 268, 236 P. 417 (holding that a judgment against a municipality rendered without waiver of service or acceptance by a person authorized to accept service or waive same, is invalid).

¶ 9 Here, City argues that it was not properly served with the district court petition, did not have actual notice thereof, and, therefore, the trial court did not have jurisdiction to enter the default judgment. City argues it was entitled to its "day in court" on detachment of Jorco's property, the use of which has been the subject of other litigation between the parties for several years.

¶ 10 Indisputably, Jorco's district court petition appealed a municipal order denying a detachment petition. Pursuant to 11 O.S. 2001 § 21–110, a petition appealing a detachment decision must be served in the same

---

1. Also attached to Floyd's affidavit was a copy of the petition in the related case, *Jorco II, L.L.C. v. City of Choctaw, et al.*, Oklahoma County District Court Case No. CJ–2005–9286.

2. If we were reviewing the merits of the municipal annexation and detachment proceeding, the primary function of our review would be "to

determine whether the city has exercised its annexation [or de-annexation] power in a reasonable manner and in compliance with the standards of state law." *In re De–Annexation of Certain Real Property from City of Seminole*, 2004 OK 60, ¶ 13, 102 P.3d 120, 127.

manner as petitions requesting annexation. Title 11 O.S.2001 § 21–106 required that notice of such petitions "shall be served upon the mayor together with a notice of the time and place that the district court will hear the petition."[3] Thus, we conclude that Jorco attempted service upon the proper person, the City mayor.

¶ 11 None of the relevant Title 11 statutes specify the *manner* in which service may be had upon the mayor. However, 12 O.S.2001 and Supp. 2007 § 2005 provides generally that every order or pleading may be served in accordance with § 2004 of Title 12. Section 2004(C)(2)(a) and (b) provide that service by mail may be had upon municipal corporations by mailing a copy of the summons and petition by certified mail, return receipt requested, with delivery restricted to the addressee, here, City's mayor. Section 2004(C)(2)(c) states:

c. Service by mail shall not be the basis for the entry of a default or a judgment by default, unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant. Acceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed. In the case of an entity described in division (3) of subparagraph c of paragraph 1 of this subsection, acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail. *In the case of a state municipal corporation, or other governmental organization thereof subject to suit, acceptance or refusal by an employee of the office of the officials specified in division (5) of subparagraph c of paragraph 1 of this subsection who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed.* ... (Emphasis added.)

¶ 12 Here, Jorco failed to satisfy two of the requirements of § 2004: First, it did not serve the petition and summons by certified mail, return receipt requested and delivery restricted to the addressee (the mayor); Second, the notice was not accepted or refused by the mayor, an employee of the mayor, or a city employee "who is authorized to or who regularly receives certified mail [for] the party addressed." Because the statute specifically provides that acceptance or refusal must be by an employee of the office of the officials of the municipal corporation, service upon or refusal by a person fifteen years of age or older who resides at the addressee's dwelling house is not authorized. Thus, the mayor's wife was not authorized to accept service.

¶ 13 Section 2004(C)(2)(c) further provides:

Any default or judgment by default *shall be set aside* upon motion of the defendant in the manner prescribed in Section 1031.1 of this title, or upon petition of the defendant in the manner prescribed in Section 1033 of this title if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an *unauthorized* person.... (Emphasis added.)

Here, the return receipt was signed by an unauthorized person, service was deficient under the statute, and the trial court did not have *in personam* jurisdiction over City when the court entered the default judgment.[4] Accordingly, upon City's motion, the

---

**3.** Section 21–106 was amended effective November 1, 2007, and now requires that notice "shall be served upon a deputy municipal clerk *and* upon the mayor together with a notice of the time and place that the district court will hear the petition." 11 O.S. Supp.2007 § 21–106 (emphasis added). This is slightly different than the general statute for service on municipalities which requires service upon the municipal clerk, "or, in his or her absence, then upon a deputy municipal clerk or upon the mayor." 11 O.S. Supp.2007 § 22–103.

**4.** Although Jorco claims that City's mayor had "actual notice," it submitted no evidence of this

trial court was required by § 2004(C)(2)(c) to set the judgment aside. Its failure to do so was an abuse of discretion.

## CONCLUSION

¶ 14 The trial court's denial of City's motion to vacate is reversed, the default judgment entered against City on the district court petition for review is set aside, and this cause is remanded for further proceedings consistent with this opinion.

¶ 15 REVERSED AND REMANDED.

RAPP, C.J., and BARNES, J., concur.

allegation other than the fact that the mayor's wife received the petition.