OPINION
ADAMS, Judge:
T1 Plaintiffs Mark and Michelle Usrey hired Defendant Wilson to build a retaining wall,. After the wall was finished, a section of it collapsed. They filed this action against Wilson for damages, plus costs and attorney fees. The jury returned a unanimous verdict in favor of Wilson. As prevailing party, Wilson filed a motion to tax costs, including an attorney fee. The trial court denied his motion, and he appeals.
T2 Despite an argument by the Us-reys to the contrary, the trial court concluded Wilson had a statutory right to an attorney fee award as the prevailing party in an action governed by 12 0.8.2001 § 936. The Usreys do not challenge that conclusion in *1002 this appeal, and we can identify no error in the trial court's decision that § 986 applied to this case.[1]
T3 At the hearing on Wilson's motion, his attorney testified about the time he spent on the case and his normal hourly rate but produced no other documentation of that time.[2] The trial court concluded Wilson had presented sufficient evidence of the reasonableness of the fees requested, but concluded he did not present "detailed time records" to support his request and thus had not shown the amount of attorney fee to which he was entitled.
{ 4 The trial court based this conclusion on Oliver's Sports Center, Inc. v. National Standard Insurance Company, 1980 OK 120, ¶ 8, 615 P.2d 291, 294, which stated:
In Burk, this Court established that after the date of promulgation, January 24, 1979, attorneys would be required to present detailed time records to the court and to offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal community.
In so stating, Oliver's was referencing the following statement in State, ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶20, 598 P.2d 659, 663:
Hereafter, attorneys in this state should be required to present to the trial court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed for different types of legal work. Reasonable value of services should be predicated on the standards within the local legal community.
T5 On appeal, Wilson argues the trial court improperly interpreted Burk as requiring contemporaneous records or at least written documentation of the time spent on the case. - He argues his testimony was sufficient under Burk to satisfy his burden of presenting sufficient evidence upon which to base a reasonable attorney fee award.
16 Although it is not clear that the trial court interpreted Burk as requiring contemporaneous time records or at least written documentation of time spent on the case, we do agree with Wilson that nothing in Burk or Oliver's prevents an attorney fee award based on a reconstruction of the time spent on a case based upon other records which verify the activity in the case, such as the court file or the attorney's copies of letters, pleadings, or file memoranda.[3]
T7 However, Wilson was "obligated to provide the trial court with the data necessary to document the work performed." Payne v. Dewitt, 1999 OK 93, ¶18, 995 P.2d 1088, 1096. Because the trial court concluded Wilson had not fulfilled that obligation, it recognized Wilson's right to an attorney fee award but awarded nothing because Wilson's evidence was insufficient. Our task on appeal is to determine whether that decision by the trial court, which was essentially one concerning the amount of the attorney fee award, was an abuse of discretion. Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 1996 OK 121, 932 P.2d 1091.
T8 As to his time spent outside of trial, Wilson's attorney offered only general estimates of the amount of time spent and made no attempt to demonstrate the date of services or even the specific nature of services performed. If Burk's requirement of detail is to mean anything, we must conclude that *1003 such vague testimony is insufficient to satisfy that requirement. The trial court would have abused its discretion if it had awarded attorney fees based on such evidence.
T9 However, we cannot conclude that Wilson's evidence concerning the twelve hours spent in trial was similarly insufficient. Counsel for the Usreys conceded the trial took that much time, and that he was "not arguing with that." Accordingly, Wilson established entitlement to attorney fees for the twelve hours during which his attorney was engaged in the trial of this case.
110 The Usreys argue that Wilson failed to establish his hourly rate was reasonable in the community, and therefore the trial court's order was appropriate. However, Wilson's attorney testified that he charged $250 per hour for trial time and that his fee request was "fair." The trial court specifically found that Wilson had satisfied his obligation to show the "reasonable value for the services performed." That finding is not clearly against the weight of the evidence.
111 On the undisputed evidence, Wilson was entitled to an attorney fee award of $3,000 for the time spent in trial. The trial court abused its discretion in not making that award. The trial court's order is modified to award Wilson attorney fees of $8,000 to be included as costs, and as modified, the trial court's order is affirmed. Wilson's request for appellate attorney fees, which was mentioned only in the last sentence of his Brief in Chief and was not separately identified as required by 12 0.8.2001 § 696.4(C), will not be considered.
AFFIRMED AS MODIFIED.
HANSEN, P.J., dissents with opinion; and MITCHELL, J., concurs.

. The Usreys' action was based on Wilson's alleged failure to perform in a workman-like manner under a contract which involved not only the building of the wall but the sale of the stones used in the construction. Accordingly, the action was "related" to a contract for the sale of goods and covered by § 936. See Hardesty v. Andro Corporation Webster Division, 1976 OK 129, 555 P.2d 1030.

. Although he did not formally request a continuance, Wilson's counsel did offer to "submit a more detailed reconstruction." The trial court never responded to this offer. Wilson does not argue on appeal that the trial court should have allowed him more time to prepare that "more detailed reconstruction."

. However, we hasten to add that the spirit of Burk suggests that counsel in cases where attorney fees are allowed as part of costs, whether in the discretion of the trial court or as a matter of right to the prevailing party, would be well-advised to keep contemporaneous time records for use in presenting an application for attorney fees.