2009 OK CIV APP 68

**S.R. (a minor child), and Michael Reid and Rachel Reid (individually and as parents and next friends of S.R., a minor child), Plaintiffs/Appellees,**

v.

**Ernest F. STOCKDALE, Defendant/Appellant.**

**No. 105,731.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 24, 2009.

James M. Love, Sloane R. Ryan, Titus Hillis Reynolds Love Dickman & McCalmon, P.C., Tulsa, OK, for Plaintiffs/Appellees.

Neil D. Van Dalsem, Taylor, Ryan, Schmidt & Van Dalsem, P.C., Tulsa, OK, for Defendant/Appellant.

DOUG GABBARD II, Presiding Judge.

¶1 In this negligence action, Defendant Ernest F. Stockdale appeals an attorney fee award to Plaintiffs Michael Reid and Rachel Reid, parents and next friends of S.R., a minor, for fees expended in litigating a property damage claim in which Defendant admitted liability and made a pre-suit tender of payment. We affirm.

## BACKGROUND

¶2 Plaintiffs owned a Dodge Durango. On December 17, 2005, Plaintiff Rachel Reid was driving the vehicle when she was involved in an automobile accident with Defendant. The Durango was damaged and Rachel Reid and her daughter, S.R., a passenger in the vehicle, both sustained personal injuries.

¶3 Plaintiffs took their Durango to Tulsa Collision Repair where it was repaired. Defendant's liability insurance carrier immediately issued checks to Plaintiff Mike Reid and Tulsa Collision, joint payees, for $6,567.67, the full amount of the repair bill. However, on the advice of their attorney, Plaintiffs returned the insurance checks, and personally paid for the repairs.

¶4 On June 27, 2006, Plaintiffs filed the present suit for negligence. A month later, Defendant filed an answer admitting liability, but denying damages, stating:

> This Defendant is without sufficient information to either admit or deny the facts and allegations set forth in numbered Paragraph 5 of Plaintiffs' Petition[1] *and thus denies same.* (Emphasis added.)

---

1. Paragraph 5 of Plaintiffs' petition states:
   5. As a direct and proximate result of Defendant Stockdale's negligence, Plaintiffs Rachel

and [S.R.] suffered personal injuries and were required to employ at their expense physicians and other medical personnel and incurred

¶ 5 Eleven months after filing his answer, Defendant filed an Offer to Confess Judgment only on the property damage in the sum of $6,817.16, *inclusive* of interest, costs, and attorney fees. A few weeks later, on May 31, 2007, Defendant filed another Offer to Confess Judgment for the property damage in the sum of $6,568, *exclusive* of interest, costs, and attorney fees. A week later, Plaintiffs admitted in their proposed pre-trial conference order that they only claimed $6,567.67 for property damage, the same amount which Defendant's insurance carrier had tendered to them prior to suit. Then, on June 12, Plaintiffs accepted Defendant's May 31 Offer to Confess.

¶ 6 Plaintiffs then filed a motion seeking $7,469 in attorney fees for time expended upon the property damage claim. Plaintiffs' attorney, James M. Love, stated that his hourly rate was $210 per hour, and that his associate, Sloan R. Ryan, charged $125 per hour. Attached to the motion was a time chart itemizing hours for each attorney. Defendant objected, asserting that the attorney fees were unnecessary and sought in bad faith because he had consistently admitted liability and tendered the amount due for the property repairs. Defendant also claimed the fees were excessive.

¶ 7 The trial court heard Plaintiffs' motion for attorney fees on February 29, 2008. At the conclusion of the hearing, the trial court found the requested fee excessive, but granted a reduced award of $3,965. Defendant appeals.[2]

## STANDARD OF REVIEW

█ ¶ 8 Whether a party is entitled to an award of attorney fees presents a question of law subject to *de novo* review, that is, without deference. *See Volvo Commercial Fin. LLC v. McClellan,* 2003 OK CIV APP 27, ¶ 13, 69 P.3d 274, 275. Where the issue is the reasonableness of the attorney fees, the trial court's decision will be affirmed unless the court abused its discretion. *State ex rel.*

*Burk v. City of Okla. City,* 1979 OK 115, ¶ 22, 598 P.2d 659, 663. To reverse for abuse of discretion, it must be found that the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, ¶ 20, 619 P.2d 608, 612.

## ANALYSIS

█ ¶ 9 Oklahoma follows the American rule, which holds that attorney fees are not recoverable unless specifically allowed by statute, contract, or agreement. *Rout v. Crescent Pub. Works Auth.,* 1994 OK 85, ¶ 9, 878 P.2d 1045, 1049. The parties assert that attorney fees were authorized by one of the offer to confess statutes, 12 O.S.2001 § 940. Subsection (A) provides that in "any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest. . . ." However, Subsection (B) states:

> Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned at the trial. *If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to*

---

medical expenses for hospital bills and other incidental medical expenses, all to his further damage. The Dodge Durango owned by Michael and Rachel Reid was damaged, resulting in substantial repair costs.

2. Ultimately, Plaintiffs' personal injury claims were settled by agreement with Defendant.

recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest. And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest. (Emphasis added.)

¶10 Clearly, § 940 only authorizes the award of attorney fees to a plaintiff who refuses (or fails to accept) an offer to confess and thereafter receives a judgment award in an amount greater than the offer. It does not apply in this case, because Plaintiff accepted the Offer to Confess.

¶11 Title 12 O.S. Supp.2008 § 1101.1 also authorizes offers to confess in civil actions. Subsection (A) applies to actions for personal injury, wrongful death, and other specified actions, where a plaintiff demands more than $100,000, or where the defendant makes an offer of judgment in an amount greater than $100,000. Clearly, this subsection is not applicable to the present case. Section 1101.1(B) applies to all other civil actions, including actions for injury to property, such as the claim in question. An offer of judgment under this section "shall be deemed to include any costs and attorney fees otherwise recoverable *unless it expressly provides otherwise.*" (Emphasis added.) In this case, Defendant's second Offer to Confess, which Plaintiffs accepted, expressly excluded attorney fees and costs and, under this subsection, if applicable, Plaintiff would be entitled to assert same.

■ ¶12 No Oklahoma case has construed whether § 1101.1(B) authorizes an offer to confess a claim of property damage that is asserted in a personal injury suit under the $100,000 limit. We need not address that issue here, however, because Plaintiff's right to assert reasonable attorney fees and costs was clearly authorized by the parties' settlement agreement. Both parties clearly understood that Plaintiffs would be entitled to receive *reasonable* costs and attorney fees.

This conclusion is supported by the fact that all of Defendant's appellate propositions are directed toward the (un)reasonableness of the attorney fees and costs awarded by the court. Defendant argues: he consistently admitted liability; he repeatedly tried to pay for the property damage; "the amount in controversy was zero;" and, therefore, Plaintiffs' entire "claim" for property damage was frivolous and made for the sole purpose of generating attorney fees.

■ ¶13 Oklahoma law does not require a plaintiff to settle a lawsuit piecemeal, either before or after the suit is filed. The offer of judgment statutes only authorize the award of attorney fees and costs to prevailing parties, depending upon the amount of the offer and judgment, and the acceptance or denial of post-filing offers to confess. Such statutes are designed to "encourage judgments without protracted litigation" by allowing defendants to avoid trial preparation costs by making early confessions of judgment and by allowing plaintiffs to recover their costs if they accept such offers. *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.,* 2007 OK 5, ¶13, 152 P.3d 880, 885 (citing *Dulan v. Johnston,* 1984 OK 44, 687 P.2d 1045). The same public policy considerations do not apply to pre-suit attorney fees. Until a plaintiff's attorney has sufficient opportunity to complete pre-suit investigation and research, he or she may not be sufficiently informed as to whether a suit is feasible and whether any proposed settlement is fair. Even then, the attorney may have legitimate reasons for refusing pre-suit settlement offers.[3] A pre-suit refusal to settle is not per se unreasonable.

■ ¶14 Here, evidence supported a conclusion that Defendant did not "repeatedly" try to pay for the property damage, and that the amount in controversy was not "zero." In fact, Defendant filed an answer denying that Plaintiffs suffered any personal or property damage; he conducted discovery on the property damage matter; and he did not file his Offer to Confess until eleven months after his answer was filed. The trial court

---

**3.** Plaintiffs suggest that one of the reasons for refusing the checks was that it was made out to

Plaintiff Mike Reid and Tulsa Collision, but not to the other owner, Rachel Reid.

correctly concluded that Plaintiffs were required to expend time and effort on this issue.

¶ 15 We also find no abuse of discretion in the amount of fees awarded. Defendant agreed that Plaintiffs' attorney fee rate was reasonable. Time records indicate that attorneys Love and Sloan expended approximately 38 hours on the property claim as of the date of the Offer to Confess,[4] for a total of $4,738.88 in attorney fees. They expended an additional 11.6 hours, or $1,805 in potential fees, related to the Offer to Confess after it was filed. The trial court properly considered all the factors set forth in *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, and determined that some of the charges were unnecessary or excessive. We find no error in its award of $3,965.

### CONCLUSION

¶ 16 For all these reasons, the trial court's attorney fee award is hereby affirmed.

¶ 17 AFFIRMED.

RAPP, J., and FISCHER, J., concur.

---

**4.** These numbers are reflected in both parties' filings.