2013 OK CIV APP 23

ACT SOUTH, LLC, and Allergy Clinic of Tulsa, Inc., Plaintiffs/Appellants,

v.

RECO ELECTRIC CO. d/b/a Reco Enterprises, Defendant/Appellee.

No. 110,237.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 26, 2012.

Certiorari Denied March 11, 2013.

As Corrected March 14, 2013.

Belva Brooks Barber, Poteau, Oklahoma, for Plaintiffs/Appellants.

James K. Secrest, II, W. Joseph Pickard, Don W. Danz, Secrest, Hill, Butler & Sec-

rest, Tulsa, Oklahoma, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶1 Plaintiffs Act South, LLC, and Allergy Clinic of Tulsa, Inc., appeal from an order of the trial court awarding attorney fees and costs to Defendant Reco Electric Co. d/b/a Reco Enterprises. After appellate review, we conclude that Plaintiffs have failed to show that the trial court erred in granting attorney fees, and we affirm its order.

## FACTS AND PROCEDURAL BACKGROUND

¶2 According to the petition and amended petition, Allergy Clinic of Tulsa, Inc., leases and Act South, LLC, owns the real property at issue in this case. Allergy Clinic entered into a contract with Defendant, a general contractor, to design the drainage of surface and other waters away from the building. Plaintiffs filed the present lawsuit against Defendant for breach of implied warranty claiming Defendant failed to "employ good building practices" or to provide good workmanship, and the deficiencies resulted in water leaks, a build-up of fungus and mold, and other construction problems as to both the interior and exterior of the building.[1]

¶3 Defendant filed an amended offer of judgment pursuant to "12 Okla. Stat. Ann. § 1101.1(B) and 12 Okla. Stat. Ann. § 940" to allow "judgment to be entered against [it] in this action in the amount" of $25,000 inclusive of Plaintiffs' attorney fees. According to Defendant, "Plaintiffs did not accept the offer and made no objection to the offer being made pursuant to § 940."

¶4 At the conclusion of trial, the jury found in favor of Defendant, and the trial court, on May 11, 2011, entered judgment in Defendant's favor pursuant to the jury's verdict. The judgment also provided that "Defendant may submit a motion for fees and costs at a later date."

¶5 On June 10, 2011, as the prevailing party, Defendant filed an application pursuant to "12 O.S. §§ 696.4, 928, 929, 940, 942

---

1. In the pretrial conference order, Plaintiffs list additional claims including breach of contract.

and 1101.1, for its reasonable costs and attorneys fees incurred in defending this case." In support of its application, Defendant attached, among other exhibits, the affidavit of W. Joseph Pickard, an attorney with the law firm representing Defendant, who testified he reviewed the detailed time records of the attorneys, paralegals, and law clerks who worked on the case. He further sets forth in the affidavit the range of hourly rates for partners, associates, and paralegals billed during the six and one-half year litigation of the lawsuit and the total amount of fees being requested in the sum of $109,069.

¶ 6 In response, Plaintiffs argued the affidavit attached to Defendant's application was insufficient because it was not "supported by a contemporaneously kept time sheet" as required by Oklahoma law. Plaintiffs asked the trial court to dismiss Defendant's application for attorney fees and costs for this reason.

¶ 7 Defendant requested leave from the trial court to file under seal a reply brief attaching detailed attorney time records. Defendant argued that because the time records contained "significant attorney-client, attorney work product, and propriety business interests" information, they should not be made public. Plaintiffs objected to Defendant's request to file a reply brief and to file it under seal. The trial court granted Defendant's request, and Defendant filed the reply brief under seal with a 54–page exhibit of detailed time records attached.

¶ 8 After reviewing the parties' briefs, conducting an evidentiary hearing, and considering counsel's argument on Defendant's application for attorney fees and costs, the trial court granted Defendant's application awarding it attorney fees in the amount of $109,069 and costs in the amount of $1,517.20 for a total of $110,586.20.

¶ 9 Plaintiffs advance this appeal.

2. Plaintiffs do not take issue with Defendant's entitlement to attorney fees as the prevailing party in this action, nor do they raise the amount of fees awarded as an issue for appellate review. As to the latter question, "[w]hen a question on

## STANDARD OF REVIEW

¶ 10 We address in this appeal the question of whether Oklahoma law requires a party to provide detailed time records to the trial court in the original application for fees and costs, or in any event, within the 30–day time period for submission of the fee application.[2] We review questions of law de novo, Clayton v. Fleming Cos., 2000 OK 20, ¶ 11, 1 P.3d 981, 984, which means that we will exercise our "judgment independently and without deference to the findings of fact or to the legal rulings made below." Stidham v. Special Indem. Fund., 2000 OK 33, n. 17, 10 P.3d 880. Similarly, "[s]tatutory construction presents a question of law which is subject to de novo review." St. John Med. Ctr. v. Bilby, 2007 OK 37, ¶ 2, 160 P.3d 978, 979. "Whether a party is entitled to an award of attorney fees presents a question of law subject to de novo review, that is, without deference." S.R. v. Stockdale, 2009 OK CIV APP 68, ¶ 8, 216 P.3d 305, 307.

## ANALYSIS

¶ 11 Plaintiffs complain the trial court erred in awarding Defendant attorney fees because Defendant failed to attach detailed time records to the original application or submit them within the 30–day time frame for filing the application, in violation of 12 O.S.2011 §§ 696.4 and 2007(B)(1).

¶ 12 Title 12 section 696.4 applies to Defendant's application for costs and attorney fees. Section 696.4(B) provides in part:

If attorney fees or costs, including the amount of such attorney fees or costs have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties in accordance with Section 2005 of this title. *The application must set forth the amount requested and include information which supports that amount.* The application must be filed within thirty (30)

appeal presents the issue of reasonableness of attorney's fees awarded by the court, abuse of discretion by the trial judge is the standard of review." *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 22, 598 P.2d 659, 663

days after the filing of the judgment, decree or appealable order.

12 O.S.2011 § 696.4 (emphasis added).

¶ 13 Title 12 section 2007(B)(1) provides in part:

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, *shall state with particularity the grounds therefor,* and shall set forth the relief or order sought.

12 O.S.2011 § 2007(B)(1) (emphasis added).

■ ¶ 14 Neither § 696.4(B) nor § 2007(B)(1) specifically requires detailed time records or sets a time for the submission to the trial court of such time records for review. Plaintiffs cite no authority for their argument that § 696.4(B) and § 2007(B)(1) work together to create an obligation beyond that expressed in § 696.4(B). In regard to Plaintiffs' "particularity" argument, we find Defendant has met the § 2007(B)(1) requirement of stating in its application the grounds for its request for attorney fees and costs—(1) it is the prevailing party entitled to fees and costs pursuant to 12 O.S.2011 § 940, and (2) it is entitled to fees and costs from the date of its offer to confess judgment pursuant to 12 O.S.2011 § 1101.1 which Plaintiffs rejected. We find no authority for extending this § 2007 language beyond its plain meaning.

■ ¶ 15 And, a fair reading of 12 O.S. 2011 § 696.4(B) mandates only that the application set forth the amount of attorney fees sought and include information in support of that amount. Defendant's application complies with this requirement. Defendant attached the affidavit of W. Joseph Pickard in which he stated he reviewed the detailed contemporaneous time records of the attorneys, paralegals, interns, and law clerks who worked on the case. Pickard further testified to the total amount of fees incurred by Defendant since Secrest, Hill, Butler & Secrest assumed Defendant's representation, the hourly billing rates for partners, associates, and paralegals, and the total amount of fees and costs incurred by Defendant. Detailed copies of records for costs were attached to Defendant's application, but no detailed attorney time records were attached. The last page of the "Secrest, Hill[,] Butler & Secrest Time and Expense Details" did provide a total of 950.90 hours billed and reiterated the total fee amount of $109,069.

■ ¶ 16 Plaintiffs argue that because Defendant submitted "nothing resembling a time record" within the 30-day time limit, the trial court lacked jurisdiction to entertain Defendant's fee application. We find no statutory or case law support for that proposition and reject Plaintiffs' argument.[3] None of the cases cited by Plaintiffs involves or raises the question at issue here—whether the failure to submit supporting time records within the 30-day filing period invalidates a timely fee application or deprives the trial court of jurisdiction to render relief. This is not a case in which the moving party missed the deadline for filing its application. Although Plaintiffs contend that mandatory submission of the time records within the 30-day window is established "black letter" law, we can find no source for this contention, and Plaintiffs have provided none. We conclude that Defendant filed a timely fee application which complied with 12 O.S.2011 § 696.4(B) and the trial court correctly overruled Plaintiffs' objection to the application by allowing Defendant sub-

---

3. Plaintiffs focus on a paragraph in *Humphries v. Lewis,* 2003 OK 12, 67 P.3d 333, to support their argument that detailed billing records must be attached to the original application. This paragraph states in part:

Applying the *Pioneer* factors, we agree with the trial court that these problems constitute excusable neglect for failing to timely file an application for fees and costs with itemized billing records. For a reason beyond the control of defendant's counsel, the billing records simply were not reasonably recoverable within 30 days after judgment.

*Id.* at ¶ 18, 67 P.3d at 337. This case does not stand for the proposition that a litigant must attach detailed time records to the original application—the issue in *Humphries* was whether the litigant showed excusable neglect for failing to timely file within the 30 days specified in § 696.4(B) either the application for fees or a motion for extension of time to file pursuant to 12 O.S. § 2006(B). The fact that a party may obtain an extension of time beyond the initial 30-day period in which to file its fee application argues against Plaintiffs' position that the 30-day limit is absolute.

sequently to provide the time records to Plaintiffs and the court.

¶ 17 Although § 696.4(B) may not require that detailed time records be attached to the original application, Oklahoma case law does require the submission of detailed time records to the trial court for its consideration before a decision on the application is rendered. In *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 20, 598 P.2d 659, 663, the Oklahoma Supreme Court established that in Oklahoma attorneys must not only submit detailed time records to the trial court, but must also submit evidence of the reasonable value of the services provided based on established standards in the legal community:

> *Hereafter, attorneys in this state should be required to present to the trial court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed for different types of legal work.* Reasonable value of services should be predicated on the standards within the local legal community. This will enable trial courts to remove the fixing of attorney fees, not only in this type of action, but in every case, from the realm of speculation and guesswork into the area of simple mathematical computation. The trial court may then, with certainty, determine the compensatory fees.

(Emphasis added).

¶ 18 Since the holding in *Burk*, the Oklahoma Supreme Court has consistently applied this rule in subsequent cases. *See Finnell v. Seismic*, 2003 OK 35, ¶ 17, 67 P.3d 339, 346 ("An attorney seeking an award *must submit* to the trial court detailed time records and must offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices.")(emphasis added); *see also Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 48, 932 P.2d 1091, 1099–1100 ("Lawyers seeking an award of attorney fees are required to 'present detailed time records to the court and to offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal

community.' "); *see also Oliver's Sports Ctr., Inc. v. National Standard Ins. Co.*, 1980 OK 120, ¶ 8, 615 P.2d 291, 295; *see also Conti v. Republic Underwriters Ins. Co.*, 1989 OK 128, ¶¶ 22–23, 782 P.2d 1357, 1362–63; *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 14, 171 P.3d 890, 895; *Oklahoma Tpk. Auth. v. Horn*, 1993 OK 123, ¶¶ 8–9, 861 P.2d 304, 306–07. Although it may be more efficient to do so, none of these cases has required the attachment of detailed time records to the original application or submission within the 30–day period for filing the application as provided in 12 O.S.2011 § 696.4(B).

¶ 19 Additionally, in *Usrey v. Wilson*, 2003 OK CIV APP 25, 66 P.3d 1000, the attorney for defendant requesting attorney fees testified at the hearing about the time he spent on the case and his hourly rate but produced no other documentation to substantiate his time. *Id.* at ¶ 3, 66 P.3d at 1002. This Court agreed with the trial court that the attorney failed to present sufficient documentation *at the hearing* of the reasonableness of the fees requested outside of trial, and the trial court thus properly denied recovery of those fees. *Id.*

¶ 20 Although Defendant did not attach detailed time records to the original application, it submitted these records in its reply brief filed on July 18, 2011, under seal and with the trial court's permission. Plaintiffs assert that this constitutes "[r]aising issues for the first time in a reply" which should be "deemed a waiver." However, this is not a case in which new matter appears for the first time in a reply brief, giving the opposing party no opportunity to respond. The nature, amount, and basis for the award of fees are clearly set forth in the original application. Once Plaintiffs appropriately complained about the failure to provide time records detailing the work performed, the time expended, and how the total fee was calculated—a necessity in determining whether the requested fee award is reasonable—Defendant obtained leave of court to provide that information which it filed under seal five weeks after filing its application.

¶ 21 Although Plaintiffs argue on appeal that because the application did not contain detailed time records, they had no "opportunity to make a meaningful response," we find the contrary to be true. Between the July

18, 2011, filing date of Defendant's reply brief and December 15, 2011, the date of the fee application hearing, Plaintiffs had five months, ample time to review and respond to Defendant's reply brief and its detailed time records. We find no basis in either the law or the facts to conclude that Plaintiffs were denied a fundamental right when the trial court allowed the subsequent submission of time records on which the fee application, and the resulting award, were based.[4]

¶ 22 We know from *Burk* that an application for attorney fees must be supported by presentation to the trial court of detailed time records showing the work performed. The presentation of time records means either submission with the application or a later submission to the trial court before or upon a hearing of the request for fees. The submission of these records fulfills one of the reasons set forth in *Burk:* to give the trial court and the reviewing appellate court an adequate record to determine the reasonableness of the attorney fees. *Conti,* 1989 OK 128 at ¶ 23, 782 P.2d at 1362 ("One of the reasons behind our statement in *Burk* was to ensure that a trial court, and later the reviewing court, have an adequate record upon which to judge the reasonableness of an attorney fee award."). We conclude Defendant submitted its detailed time records in compliance with 12 O.S.2011 § 696.4 and corresponding Oklahoma case law.

## CONCLUSION

¶ 23 Seeing no error in its award of attorney fees to Defendant, we affirm the decision of the trial court. With the affirmance of the trial court's decision, we deny Plaintiffs' request for appeal-related attorney fees and costs.

¶ 24 **AFFIRMED.**

FISCHER, C.J., and RAPP, J., (sitting by designation) concur.

---

4. Further, during the evidentiary hearing on Defendant's application nearly five months later, Defendant presented an expert witness on the reasonableness of its attorney fees whom Plaintiffs cross-examined, and the parties had an opportunity to present their arguments to the trial court on the award of attorney fees and costs.